Filed 11/20/09          NO. 4-08-0790

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| MICHAEL P. HALDORSON, | ) | No. 07CF532 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Kevin P. Fitzgerald, |
| | ) | Judge Presiding. |

_____

JUSTICE TURNER delivered the opinion of the court:

In February 2008, pursuant to a plea agreement, defendant, Michael P. Haldorson, pleaded guilty to unlawful delivery of a controlled substance. At a May 2008 sentencing hearing, the trial court sentenced defendant to 10 years' imprisonment. In July 2008, defendant filed a pro se motion for the reduction of his sentence, which the court denied. This appeal followed, in which defendant contends his 10-year sentence was excessive. The State responds this court lacks jurisdiction to address the merits of defendant's argument. We decline to address the merits of defendant's argument and dismiss the appeal.

I. BACKGROUND

In May 2007, a grand jury indicted defendant with criminal sexual assault (720 ILCS 5/12-13(a)(1) (West 2006)), unlawful delivery of a controlled substance (720 ILCS 570/401(d)(i) (West 2006)), unlawful possession of a controlled

substance with the intent to deliver (720 ILCS 570/401(c)(2) (West 2006)), unlawful possession of a controlled substance (720 ILCS 570/402(c) (West 2006)), and unlawful possession of a certain dog by a felon (720 ILCS 5/12-36(a) (West 2006)) for his actions on May 16, 2007.

In February 2008, defendant and the State entered into a plea agreement, under which defendant would plead guilty to unlawful use of a weapon in McLean County case No. 06-CF-891 and unlawful delivery of a controlled substance in this case (No. 07-CF-532) and the State would move to dismiss the other charges in the two pending cases. Except for the agreed fines and fees, the agreement was open as to sentencing for unlawful delivery of a controlled substance. The parties agreed to a three-year sentence for unlawful use of a weapon that would run consecutive to the sentence imposed in this case. The trial court accepted defendant's guilty plea.

On May 9, 2008, the trial court held a sentencing hearing on the unlawful-delivery-of-a-controlled-substance count. After hearing extensive evidence and the parties' arguments, the court sentenced defendant to 10 years' imprisonment to run consecutive to his 3-year sentence in case No. 06-CF-891.

On June 24, 2008, defendant filed a notice of a motion for a reduction of sentence, which he mailed on June 19, 2008. Attached to the notice was a note from defendant explaining his

delay in filing a postplea motion. Defendant also requested the appointment of counsel. According to the docket sheets, defendant actually filed his motion for a reduction of his sentence on July 23, 2008, and the trial court appointed defendant counsel that same day. The record on appeal does not contain the actual postplea motion. In September 2008, defendant sent the court a letter detailing his challenges to the court sentencing, which is part of the appellate record.

On September 25, 2008, the trial court held a hearing on defendant's postplea motion. Defense counsel filed his required Supreme Court Rule 604(d) (210 Ill. 2d R. 604(d)) certificate at the hearing, which labeled the motion as one to withdraw defendant's guilty plea. After hearing the parties' arguments, the court denied defendant's motion. On October 21, 2008, defendant filed a notice of appeal from his sentence and the denial of his postplea motion.

## II. ANALYSIS

In several recent decisions, our supreme court has emphasized a reviewing court's independent duty to ascertain its jurisdiction before considering the appeal's merits. See People v. Lewis, 234 Ill. 2d 32, 36-37, 912 N.E.2d 1220, 1223 (2009); Secura Insurance Co. v. Illinois Farmers Insurance Co., 232 Ill. 2d 209, 213, 902 N.E.2d 662, 664 (2009); People v. Smith, 228 Ill. 2d 95, 106, 885 N.E.2d 1053, 1059 (2008). Thus, the State's

- 3 -

questioning of our jurisdiction is a threshold issue.  See Lewis,
234 Ill. 2d at 37, 912 N.E.2d at 1223.

"The timely filing of a notice of appeal is both
jurisdictional and mandatory."  Secura Insurance Co., 232 Ill. 2d
at 213, 902 N.E.2d at 664.  Here, defendant appeals from a
judgment entered on a guilty plea, and thus Rule 604(d) (210 Ill.
2d R. 604(d)) governs the perfection of the appeal in this case.
Regardless of the type of guilty plea, Rule 604(d) requires the
filing of a postplea motion within 30 days of the court's imposi-
tion of the defendant's sentence.  210 Ill. 2d R. 604(d).  If the
postplea motion is denied, the defendant must file a notice of
appeal from the judgment and sentence within the time set forth
in Supreme Court Rule 606 (210 Ill. 2d R. 606), "measured from
the date of entry of the order denying the motion."  210 Ill. 2d
R. 604(d).  As to the time for filing a notice of appeal, Rule
606(b) states the following:

> "Except as provided in Rule 604(d), the
> notice of appeal must be filed with the clerk
> of the circuit court within 30 days after the
> entry of the final judgment appealed from or
> if a motion directed against the judgment is
> timely filed, within 30 days after the entry
> of the order disposing of the motion."  210
> Ill. 2d R. 606(b).

In this case, the trial court sentenced defendant on May 9, 2008, and thus, under Rule 604(d), he had until June 9, 2008, to file a postplea motion. Accordingly, defendant's July 23, 2008, pro se postplea motion was untimely. Defendant argues he filed a notice and request for leave to file the late motion, which the trial court implicitly granted when it held the September 25, 2008, hearing on the motion. However, a trial court can only grant an extension of time to file a postplea motion before the expiration of the 30-day deadline. People v. Flowers, 208 Ill. 2d 291, 300, 802 N.E.2d 1174, 1180 (2003). Defendant's request to file a late motion was untimely as it was mailed on June 19, 2008.

Since defendant's postplea motion was untimely, it did not toll the 30-day postjudgment period for filing a notice of appeal. Thus, pursuant to Rule 606(b) (210 Ill. 2d R. 606(b)), defendant had to file his notice of appeal by June 9, 2008. Accordingly, defendant's October 21, 2008, notice of appeal is untimely under Rule 606(b), and we lack jurisdiction.

However, defendant contends we have jurisdiction under the revestment doctrine, noting our decision in People v. Lindmark, 381 Ill. App. 3d 638, 887 N.E.2d 606 (2008). There, we stated that, "[i]f a trial court is revested with jurisdiction, then a notice of appeal filed within 30 days after a ruling on the untimely postjudgment motion vests the appellate court with

jurisdiction." Lindmark, 381 Ill. App. 3d at 652, 887 N.E.2d at 618. The State asks us to reconsider our decision in Lindmark. We decline the opportunity to do so at this time as this case is distinguishable from Lindmark, which involved an appeal after a jury trial. See Lindmark, 381 Ill. App. 3d at 640-41, 887 N.E.2d at 609-10. Thus, unlike here, Rule 604(d) was not at issue in Lindmark.

Our supreme court has never applied the revestment doctrine to a postplea motion required by Rule 604(d). On the contrary, the supreme court has emphasized the trial court's lack of jurisdiction to address untimely postplea motions under Rule 604(d). See Flowers, 208 Ill. 2d at 303, 802 N.E.2d at 1181. In Flowers, 208 Ill. 2d at 303, 802 N.E.2d at 1181, the supreme court noted that, when Rule 604(d)'s 30-day period has expired and the trial court has not extended the limitation period, the trial court is divested of jurisdiction to entertain a defendant's postplea motion under Rule 604(d). Moreover, the Flowers court explicitly stated the State's failure to raise the fact the trial court had lost its jurisdiction did not give that court the authority to proceed on the motion. Flowers, 208 Ill. 2d at 303, 802 N.E.2d at 1182. The court explained "[l]ack of subject[-] matter jurisdiction is not subject to waiver [citation] and cannot be cured through consent of the parties [citation]." Flowers, 208 Ill. 2d at 303, 802 N.E.2d at 1182. Additionally,

the Flowers court noted that, because the trial court's jurisdiction had long elapsed, "[t]he only continuing power the circuit court possessed over the case was limited to enforcement of the judgment or correction of clerical errors or matters of form so that the record conformed to the judgment actually rendered." (Emphasis added.) Flowers, 208 Ill. 2d at 306-07, 802 N.E.2d at 1183.

We recognize the Second District has applied the revestment doctrine to an untimely Rule 604(d) postplea motion since the Flowers decision. See People v. Montiel, 365 Ill. App. 3d 601, 605, 851 N.E.2d 725, 728 (2006). In doing so, the Second District noted the Flowers decision used language similar to Toman v. Park Castles Apartment Building Corp., 375 Ill. 293, 302, 31 N.E.2d 299, 304 (1940), which was decided before the supreme court's application of the revestment doctrine in People v. Kaeding, 98 Ill. 2d 237, 241, 456 N.E.2d 11, 14 (1983). Montiel, 365 Ill. App. 3d at 605, 851 N.E.2d at 727. Thus, the court concluded the revestment doctrine still existed. Montiel, 365 Ill. App. 3d at 605, 851 N.E.2d at 727.

However, the Second District overlooks the fact the Flowers decision specifically addressed a Rule 604(d) postjudgment motion, which is different from other postjudgment motions. As explained earlier, Rule 604(d) (210 Ill. 2d R. 604(d)) has its own 30-day requirement in addition to the 30-day requirement set

forth in Rule 606(b) (210 Ill. 2d R. 606(b)). With Rule 604(d) (210 Ill. 2d R. 604(d)), the defendant must file a postjudgment motion and the correct type of motion within 30 days of sentencing to preserve appellate review. Even if an appellate court has jurisdiction, a defendant's failure to file a timely Rule 604(d) motion or the correct Rule 604(d) motion precludes the appellate court from considering the appeal on the merits. Flowers, 208 Ill. 2d at 301, 802 N.E.2d at 1180; People v. Foster, 171 Ill. 2d 469, 471, 665 N.E.2d 823, 824 (1996). In such situations, "the appellate court must dismiss the appeal [citation], leaving the Post-Conviction Hearing Act [(725 ILCS 5/122-1 through 122-8 (West 1998))] as the defendant's only recourse." Flowers, 208 Ill. 2d at 301, 802 N.E.2d at 1180; see also Foster, 171 Ill. 2d at 471, 665 N.E.2d at 824. Our supreme court has never recognized an exception similar to revestment to the 30-day language in Rule 604(d). In fact, our supreme court has emphasized its requirement of strict compliance with Rule 604(d) in all criminal cases. See In re William M., 206 Ill. 2d 595, 605, 795 N.E.2d 269, 274-75 (2003). Moreover, we point out appellate courts do not have authority to make exceptions to supreme court rules. See People v. Lyles, 217 Ill. 2d 210, 216, 840 N.E.2d 1187, 1191 (2005).

Additionally, the Second District attempted to reconcile Kaeding and Flowers by recognizing "it is not consent but

active participation that revests jurisdiction."  (Emphases in original.)  Montiel, 365 Ill. App. 3d at 605, 851 N.E.2d at 728. The Second District stated the Flowers opinion gave no indication the State actively participated in the consideration of the defendant's motion (see Flowers, 208 Ill. 2d at 297, 802 N.E.2d at 1178), and thus it had no reason to believe that the conditions for revestment were met.  Such a presumption is contrary to real-life experience as the State rarely chooses not to argue against a defendant's postplea or posttrial motion.

Accordingly, we decline to follow the Second District's decision in Montiel and find the revestment doctrine does not apply to untimely Rule 604(d) motions.  Thus, under Flowers, the trial court lacked jurisdiction to entertain defendant's untimely Rule 604(d) motion, and we are precluded from considering the appeal on the merits and must dismiss it.  Flowers, 208 Ill. 2d at 301, 802 N.E.2d at 1180.  We note defendant did not raise any issue regarding his admonishments under Supreme Court Rule 605 (210 Ill. 2d R. 605).

### III. CONCLUSION

For the reasons stated, we dismiss defendant's appeal. As part of our judgment, we award the State its $50 statutory assessment against defendant as costs of this appeal.  See 735 ILCS 5/5-120 (West 2006) ("If any person takes an appeal to review the judgment of any other court, and the judgment is

- 9 -

affirmed or the _appeal_ _is_ _dismissed_, the appellee shall recover costs"  (emphasis added)); see also People v. Brownell, 123 Ill. App. 3d 307, 322, 462 N.E.2d 936, 947 (1984) (noting section 5-120 of the Code of Civil Procedure applies to criminal cases).

Dismissed.

MYERSCOUGH and APPLETON, JJ., concur.