# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Blalock*, 2012 IL App (4th) 110041

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RONALD RICHARD BLALOCK, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-11-0041 |
| Filed | September 10, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's motion for reduction of his sentence was untimely due to his failure to comply with the affidavit requirement of Supreme Court Rule 12(b)(3); however, where the requirements of the revestment doctrine were satisfied, defendant's claims concerning the assessments imposed were considered, and while both the drug-court and the children's-advocacy-center assessments were vacated on the ground they were imposed by the circuit clerk, not the trial court, the reviewing court reimposed only the drug-court fine, because the children's-advocacy-center fee was not authorized until after the date of defendant's offense. |
| Decision Under Review | Appeal from the Circuit Court of McLean County, No. 07-CF-1128; the Hon. Charles G. Reynard, Judge, presiding. |
| Judgment | Affirmed in part as modified, vacated in part, and cause remanded with directions. |

| Counsel on Appeal | Michael J. Pelletier, Karen Munoz and Arden J. Lang, all of State Appellate Defender's Office, of Springfield, for appellant. |
|---|---|
| | William A. Yoder, State's Attorney, of Bloomington (Patrick Delfino, Robert J. Biderman and Aimee Sipes Johnson, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE McCULLOUGH delivered the judgment of the court, with opinion. |
| | Justice Steigmann concurred in the judgment and opinion. |
| | Justice Cook specially concurred, with opinion. |

**OPINION**

¶ 1    In October 2007, the State charged defendant, Ronald Richard Blalock, with two counts of unlawful use of a weapon by a convicted felon (720 ILCS 5/24-1.1(a) (West 2006)) committed on October 17, 2007. In May 2008, pursuant to a fully negotiated plea agreement, defendant pleaded guilty to one count in exchange for the State's dismissal of the second count and a recommendation of a four-year sentence cap. In November 2008, the trial court sentenced defendant to 30 months' probation, the first 12 months of which were intensive supervision that included 6 months in jail to be served on a periodic basis.

¶ 2    The State filed petitions to revoke defendant's probation in October 2009, April 2010, and June 2010. In May 2010, the trial court conducted a hearing on the State's first petition to revoke and found defendant in violation of probation. On July 8, 2010, the court resentenced defendant to 4 years' imprisonment, with credit for 183 days as time served. The court's supplemental sentencing judgment reincorporated fines and costs already ordered. On the State's motion, the court dismissed the second and third petitions for revocation of probation.

¶ 3    On August 10, 2010, defendant *pro se* filed a motion for reduction of sentence. On September 30, 2010, defense counsel filed a supplemental motion to reduce sentence. Following a December 2010 hearing, the trial court denied the motion to reconsider.

¶ 4    Defendant appeals, asserting (1) the McLean County circuit clerk lacked authority to impose the $10 drug-court and $15 children's-advocacy assessments; (2) the children's-advocacy-center fine is void because it was not authorized by statute when defendant committed his offense; and (3) he is entitled to a $5 *per diem* credit toward his fines for each day spent in pretrial custody (725 ILCS 5/110-14(a) (West 2006)).

¶ 5    The State asserts that the trial court lacked jurisdiction to hear defendant's postjudgment motion because it was untimely. Thus, the State contends this court lacks jurisdiction and

must dismiss defendant's appeal. Because a reviewing court must first ascertain its jurisdiction before addressing the merits of an appeal, we first address the State's jurisdictional argument. *People v. Smith*, 2011 IL App (4th) 100430, ¶ 11, 960 N.E.2d 595.

¶ 6 In this case, the trial court resentenced defendant to four years' imprisonment for violating his probation on July 8, 2010. Thus, defendant had until Monday, August 9, 2010, to file a motion to reconsider his sentence or appeal his sentence order. See 5 ILCS 70/1.11 (West 2010) (providing if the last day of a time period falls on a Saturday or Sunday, the Saturday or Sunday is not included in the computation); see also *People v. Allison*, 356 Ill. App. 3d 248, 251, 825 N.E.2d 1217, 1220 (2005) (" 'the filing of a motion to reconsider sentence or disposition following a probation[-]revocation hearing is unnecessary before taking an appeal, [so] complying with the requirements of Rule 604(d) is likewise unnecessary' " (quoting *In re J.E.M.Y.*, 289 Ill. App. 3d 389, 391, 682 N.E.2d 451, 452 (1997))). Generally, "[a] court will consider an incarcerated defendant's postplea motion timely filed if the defendant placed it in the prison mail system within the 30-day period, regardless of the date on which the clerk's office received or file-stamped it." *Smith*, 2011 IL App (4th) 100430, ¶ 13, 960 N.E.2d 595 (citing *People v. Tlatenchi*, 391 Ill. App. 3d 705, 710, 909 N.E.2d 198, 204 (2009)). However, pursuant to Illinois Supreme Court Rule 12(b)(3) (eff. Dec. 29, 2009), when a defendant relies upon the date of mailing as the date of filing for a postplea motion, proof of mailing must be provided as follows:

"[I]n case of service by mail ***, by certificate of the attorney, or affidavit of a person other than the attorney, who deposited the paper in the mail ***, stating the time and place of mailing ***, the complete address which appeared on the envelope or package, and the fact that proper postage or the delivery charge was prepaid."

¶ 7 Here, the circuit court clerk's office file-stamped defendant's *pro se* motion on Tuesday, August 10, 2010. Thus, if the date the circuit clerk's office file-stamped the motion controls, defendant's motion is untimely, and this court lacks jurisdiction. The envelope in which defendant mailed his *pro se* motion shows a postage mark of August 6, 2010, a Friday. The record establishes defendant used a single sheet of paper to address the following three requirements: (1) sworn statement that the attached motion was true and correct in substance (located at top of paper), (2) notice of filing (located in middle of paper), and (3) affidavit of service (located at bottom of paper). The only notarization on this piece of paper containing the three requirements is located at the top of the paper directly under the sworn statement and above the notice of filing and is dated August 5, 2010, a Thursday. As mentioned previously, Rule 12(b)(3) requires that the date of mailing be proved by affidavit. "Our supreme court [has] emphasized 'an affidavit must be sworn to, and statements in a writing not sworn to before an authorized person cannot be considered affidavits.' " *Smith*, 2011 IL App (4th) 100430, ¶ 18, 960 N.E.2d 595 (quoting *Roth v. Illinois Farmers Insurance Co.*, 202 Ill. 2d 490, 494, 782 N.E.2d 212, 214 (2002)).

¶ 8 Defendant acknowledges that this court recently dismissed an appeal for lack of jurisdiction under Illinois Supreme Court Rule 604(d) (eff. July 1, 2006), finding that the defendant's motion for a new trial and motion to reduce sentence were not timely mailed because the affidavit of service and proof of service were not notarized. *Smith*, 2011 IL App (4th) 100430, ¶ 19, 960 N.E.2d 595. In dismissing for lack of jurisdiction, we found

*Tlatenchi*, 391 Ill. App. 3d at 710, 909 N.E.2d at 204, persuasive. In *Tlatenchi*, the First District Appellate Court found that failure to notarize the proof of service filed with a motion or pleading rendered it insufficient to establish compliance with Rule 12(b)(3). *Tlatenchi*, 391 Ill. App. 3d at 716, 909 N.E.2d at 209. Defendant asserts that *Tlatenchi* was recently called into question by the Second District Appellate Court in *People v. Hansen*, 2011 IL App (2d) 081226, ¶ 15, 952 N.E.2d 82, which found in *dicta* that Rule 12(b)(3)'s affidavit requirement made it "virtually impossible for a *pro se* defendant to comply with the rule." However, in *Smith*, this court specifically disagreed with *Hansen* and found no reason to depart from the *Tlatenchi* requirement that proof of mailing must comply with Rule 12(b)(3). *Smith*, 2011 IL App (4th) 100430, ¶ 17, 960 N.E.2d 595.

¶ 9 Defendant further argues that this court need not rely on *Smith* or *Tlatenchi* to decide his case because the notice of motion for reduction of sentence, motion for reduction of sentence, and the sheet of paper containing the notarized sworn statement, notice of filing, and affidavit of service are stapled together in the record, suggesting that they were filed as one. Each sheet of paper bears the August 10, 2010, file stamp and each page is notated in the bottom left corner as "Form revised 11/1/01." The post date on the envelope these documents were allegedly mailed in is August 6, 2010. Thus, defendant asserts all these facts demonstrate that the documents were attached when mailed and were all placed in the prison mail system on August 5 or August 6, 2010. Further, defendant argues that any irregularity arising from the peculiarity of the 2001 form document likely obtained from the prison library (in which the only space for a notary signature is at the top of the form), should not be laid at defendant's feet.

¶ 10 The State disagrees and points out that (1) defendant cites no case law holding that a notarization of a defendant's sworn statement may also be considered evidence the affidavit of service was properly notarized when both are addressed on a single piece of paper, and (2) more than one set of staple holes are visible on the forms, so whether the documents were originally mailed together is mere speculation. Further, the State asserts that defendant's affidavit is also insufficient for failing to state "the complete address which appeared on the envelope or package" as required by Rule 12(b)(3).

¶ 11 Regardless of whether defendant mailed all of the documents together in the envelope bearing an August 6, 2010, postmark date, the documents are insufficient to prove defendant's motion for reduction of sentence was timely filed. Our supreme court has chosen to require a certificate or affidavit of mailing, rather than a postmark date, as proof of mailing under Rule 12(b)(3). "Supreme court rules ' "have the force of law, and the presumption must be that they will be obeyed and enforced as written." ' " (Emphasis omitted.) *People v. Tapp*, 2012 IL App (4th) 100664, ¶ 3 (quoting *Rodriguez v. Sheriff's Merit Comm'n*, 218 Ill. 2d 342, 353, 843 N.E.2d 379, 385 (2006), quoting *Roth*, 202 Ill. 2d at 494, 782 N.E.2d at 215). Further, " 'the appellate court does not have the authority to excuse the filing requirements of the supreme court rules governing appeals.' " *Tapp*, 2012 IL App (4th) 100664, ¶ 3 (quoting *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 217-18, 902 N.E.2d 662, 667 (2009)). Because defendant failed to comply with Rule 12(b)(3)'s affidavit requirement, his motion for reduction of sentence is considered filed on Tuesday, August 10, 2010, the date on which the circuit court clerk file-stamped it. As a

result, defendant's motion was untimely. See *Smith*, 2011 IL App (4th) 100430, ¶ 19, 960 N.E.2d 595.

¶ 12    While neither party raises this issue in its brief, we have considered the doctrine of revestment to determine whether the trial court was revested with jurisdiction despite defendant's untimely filing of his motion for reduction of sentence. Under the doctrine of revestment, "the parties can revest a court with jurisdiction so long as (1) the court has general jurisdiction over the matter and personal and subject-matter jurisdiction over the particular cause; (2) the parties actively participate without objection; and (3) the proceedings are inconsistent with the merits of the prior judgment." *People v. Lindmark*, 381 Ill. App. 3d 638, 652, 887 N.E.2d 606, 618 (2008) (citing *People v. Minniti*, 373 Ill. App. 3d 55, 65, 867 N.E.2d 1237, 1246 (2007)). In *Lindmark*, this court stated, "[i]f a trial court is revested with jurisdiction, then a notice of appeal filed within 30 days after a ruling on the untimely postjudgment motion vests the appellate court with jurisdiction." *Lindmark*, 381 Ill. App. 3d at 652, 887 N.E.2d at 618.

¶ 13    We recognize in *People v. Haldorson*, 395 Ill. App. 3d 980, 982-83, 918 N.E.2d 1280, 1282 (2009), this court held the revestment doctrine did not apply; however, this holding was limited to postplea motions under Illinois Supreme Court Rule 604(d) (eff. July 1, 2006). Relying on *People v. Flowers*, 208 Ill. 2d 291, 303, 802 N.E.2d 1174, 1181 (2003), we noted, "when Rule 604(d)'s 30-day period has expired and the trial court has not extended the limitation period, the trial court is divested of jurisdiction to entertain a defendant's postplea motion under Rule 604(d)." *Haldorson*, 395 Ill. App. 3d at 983, 918 N.E.2d at 1283. Further, we noted "[o]ur supreme court has never recognized an exception similar to revestment to the 30-day language in Rule 604(d)." *Haldorson*, 395 Ill. App. 3d at 984, 918 N.E.2d at 1283.

¶ 14    In this case, we are not presented with a postplea motion under Rule 604(d) as we were in *Haldorson*. Although defendant originally pleaded guilty pursuant to a fully negotiated plea agreement, he was later found to be in violation of probation by the trial court and resentenced. Thus, defendant's motion for reduction of sentence is more akin to an appeal following a jury or bench trial under Rule 606 than a guilty plea under Rule 604(d).

¶ 15    Here, we find the three requirements of the revestment doctrine have been met. First, the trial court had general, personal, and subject-matter jurisdiction over defendant's case. Second, at the December 17, 2010, hearing on defendant's motion to reduce sentence, the State actively participated without objection. Third, the proceedings were inconsistent with the prior judgment, *i.e.*, defendant had been resentenced to four years in prison and was requesting a reduction of sentence. As all requirements for revestment were met in defendant's case, the trial court had jurisdiction over defendant's motion for reduction of sentence, and, thus, this court has jurisdiction over defendant's appeal from the trial court's denial of that motion. Accordingly, we will address the merits of defendant's appeal.

¶ 16    The propriety of a trial court's imposition of fines and fees raises a question of statutory interpretation and is reviewed *de novo*. *People v. Price*, 375 Ill. App. 3d 684, 697, 873 N.E.2d 453, 465 (2007). A sentence that does not conform to a statutory requirement is void, is not subject to waiver, and may be attacked at any time. *People v. Thompson*, 209 Ill. 2d

19, 27, 805 N.E.2d 1200, 1204-05 (2004).

¶ 17    In this case, defendant asserts that the McLean County circuit court clerk lacked authority to impose the $10 drug-court (55 ILCS 5/5-1101(d-5) (West 2008)) and $15 children's-advocacy-center (55 ILCS 5/5-1101(f-5) (West 2008)) fines and, thus, these assessments must be vacated. Alternatively, defendant contends the $15 children's-advocacy-center fine must be vacated because when defendant committed the instant offense, the statutory provision authorizing this fine was not in effect.

¶ 18    During the November 4, 2008, sentencing hearing, the trial court imposed a "$300.00 fine, appropriate surcharge amount, [Violent Crime Victim Assistance] VCVA, $300.00 contribution to the Crime Detection Network, and court costs." On the same day, a "notice to party" was prepared by the McLean County circuit clerk that included a $15 children's-advocacy-center fee and a $10 drug-court fee. During the July 8, 2010, resentencing hearing, the court imposed "[m]andatory financial consequences–or simply the *reincorporation* of the previous ordered financial consequences payable within two years of release." (Emphasis added.) On the same day, the supplemental sentencing judgment signed by the judge shows check marks next to "Drug Court Fee" and "Child Advocacy Center Fee." The judge also noted on this order, "This order simply *reincorporated* fines [and] costs already ordered." (Emphasis added.) A "notice to party" was also prepared on the same date that included a $15 children's-advocacy-center fee and a $10 drug-court fee.

¶ 19    We note that while referred to as "fees," the children's-advocacy-center and drug-court fees are actually fines. *People v. Isaacson*, 409 Ill. App. 3d 1079, 1085, 950 N.E.2d 1183, 1190 (2011).

¶ 20    Based on the record, we agree with defendant that the $15 children's-advocacy-center fee and a $10 drug-court fee were imposed by the McLean County circuit clerk rather than the trial court. Our review of the record fails to reveal a supplemental sentencing order, signed by the judge, from the November 2008 sentencing. Further, the trial court did not orally impose these fines during that November 2008 sentencing hearing. During the July 2010 resentencing hearing, the trial court simply reimposed previously ordered financial consequences. The children's-advocacy-center and drug-court fines were not previously ordered by the trial court, and, thus, even though the judge signed a supplemental sentencing judgment in July 2010 that included these fines, the fines cannot be attributed to having been imposed by the court. These fines were improperly imposed by the circuit clerk and must be vacated.

¶ 21    However, McLean County has enacted ordinances that provide for mandatory assessments of a $10 fee for drug court and a $15 fee for children's advocacy center, and this court may reimpose mandatory fines. *People v. Folks*, 406 Ill. App. 3d 300, 305-06, 943 N.E.2d 1129, 1132-33 (2010). We do so in the case of the drug-court fine, but decline to reimpose the children's-advocacy-center fine as it was not authorized by statute at the time of the instant offense. See 55 ILCS 5/5-1101(f-5) (West 2008) (children's-advocacy-center assessment section became effective on January 1, 2008); see also *People v. Maxwell*, 2011 IL App 4th 100434, ¶ 105, 961 N.E.2d 964 (" 'The constitutional prohibition against *ex post facto* laws prevents the punishment for an offense being increased by an amendatory act

-6-

taking effect after the offense has been committed.' " (quoting *People v. Bosley*, 197 Ill. App. 3d 215, 220, 553 N.E.2d 1187, 1191 (1990))). Accordingly, we vacate the circuit clerk's fines and remand with directions that the trial court amend its sentencing judgment to reflect the imposition of the $10 drug-court fine.

¶ 22 Last, defendant argues he is entitled to a $5 credit against his fines for each day he spent in pretrial custody. The State concedes defendant is entitled to a credit up to $915, which may be applied to any fines assessed against him. See 725 ILCS 5/110-14 (West 2008). We accept the State's concession.

¶ 23 Sentence credit against a fine based on time served is governed by section 110-14(a) of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-14(a) (West 2008)), which provides in relevant part:

"(a) Any person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such offense shall be allowed a credit of $5 for each day so incarcerated upon application of the defendant. However, in no case shall the amount so allowed or credited exceed the amount of the fine."

Such credit may only be applied to offset fines, not fees. *People v. Jones*, 223 Ill. 2d 569, 580, 861 N.E.2d 967, 974 (2006).

¶ 24 The record reflects defendant was in custody a total of 183 days, that is, from October 18 to October 20, 2007; November 5, 2008, through April 30, 2009; and April 7 to April 9, 2010. The trial court awarded defendant credit for time served during the July 2010 resentencing hearing. Defendant is also entitled to a credit up to $915, which may be applied to any fines assessed against him. 725 ILCS 5/110-14 (West 2008). These fines include the $10 drug-court fine and the $300 crime-detection-network fee (730 ILCS 5/5-6-3(b)(13) (West 2008)). See *People v. Littlejohn*, 338 Ill. App. 3d 281, 283-84, 788 N.E.2d 339, 341 (2003) (fines imposed under section 5-6-3(b)(13) of the Unified Code of Corrections more closely resemble a punishment and are fines). Thus, we remand for issuance of an amended sentencing judgment reflecting this credit.

¶ 25 In sum, we vacate the $10 drug-court and $15 children's-advocacy-center assessments imposed by the circuit clerk and remand with directions that the trial court amend its sentencing order (1) to reflect the imposition of the drug-court fine only and (2) to reflect defendant's credit of up to $915 toward his fines. As part of our judgment, since the State successfully defended a portion of this appeal, we award the State its $50 statutory assessment against defendant as costs of this appeal. See *People v. Smith*, 133 Ill. App. 3d 613, 620, 479 N.E.2d 328, 333 (1985) (citing *People v. Nicholls*, 71 Ill. 2d 166, 178, 374 N.E.2d 194, 199 (1978)).

¶ 26 Affirmed in part as modified, vacated in part, and cause remanded with directions.

¶ 27 JUSTICE COOK, specially concurring.

¶ 28 I concur, but I stand by my dissent in *Smith*, 2011 IL App (4th) 100430, 960 N.E.2d 595 (Cook, J., dissenting).