2020 IL App (2d) 190464-U
No. 2-19-0464
Order filed September 29, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | |
|---|---|
| *In re* ESTATE OF VIRGIL JACOB, Deceased ) | Appeal from the Circuit Court |
| ) | of Lake County. |
| ) | |
| ) | |
| ) | |
| ) | No. 18-P-318 |
| ) | |
| (David H. Jacob and Steven M. Jacob, ) | Honorable |
| Petitioners-Appellants, v. Carole S. Bieniek,as ) | Joseph V. Salvi, |
| Supervised Executor-Respondent-Appellee). ) | Judge, Presiding. |

PRESIDING JUSTICE BIRKETT delivered the judgment of the court.
Justices Hudson and Brennan concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Appeal dismissed for lack of jurisdiction.

¶ 2    After the passing of their father, Virgil Jacob, petitioners David and Steven Jacob (petitioners) filed a *pro se* will contest against their sister, Carole Bieniek, as the supervised executor of Virgil's estate (executor).  Upon motion filed by the executor, the circuit court dismissed petitioners' amended complaint pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2018)).  Petitioners appeal, arguing that the circuit erred in dismissing their amended complaint.  We must dismiss the appeal for lack of jurisdiction because

petitioners' notice of appeal was received by the clerk of court more than 30-days after final judgment was entered, and petitioners failed to comply with the applicable supreme court rules necessary to properly invoke the "mailbox rule."

¶ 3                                             I. BACKGROUND

¶ 4      We recount only those facts that are needed to resolve this appeal.  David and Steven have been incarcerated in the state of Nebraska since 1986 and 1991, respectively, where they are both serving life sentences stemming from convictions that are unrelated to this appeal.  On November 6, 2018, following the passing of their father, petitioners filed a *pro se* petition to contest the validity of their father's will.  The executor moved to dismiss the petition pursuant to section 2-615 of the Code.  On January 10, 2019, petitioners were granted leave to file an amended petition, and the amended petition they previously filed on December 31, 2018, was accepted by the court.

¶ 5      On February 7, 2019, the executor moved to dismiss the amended petition pursuant to section 2-615 of the Code.  On April 23, 2019, the circuit court granted the executor's motion and dismissed the amended petition.

¶ 6      Petitioners thereafter mailed a notice of appeal to the clerk of court, as well as a notice of filing and proof of service addressed to opposing counsel.  David indicated that on May 16, 2019, he filed a notice of appeal with the circuit court by placing it into the prison mail system.  Below the notice of filing, on the same page, David certified under section 1-109 of the Code (735 ILCS 5/1-109 (West 2018)) that, on May 16, 2019, he served a copy of the notice of appeal on opposing counsel by placing it into the prison mail system.  Petitioners did not include in the envelope a proof of service pursuant to Illinois Supreme Court Rule 12 (eff. July 1, 2017) to establish timely mailing of the notice of appeal to the clerk.  The record on appeal includes the envelope petitioners

mailed these materials to the clerk in, but the envelope bears no postmark.[1]  The notice of appeal and the notice of filing directed at opposing counsel bear a file stamp of June 3, 2019.

¶ 7    On September 29, 2019, nearly four months later, petitioners mailed to the clerk of court a document entitled "Petitioner's Belated Proof of Service" for the notice of appeal.  Petitioners included a statement that they were permitted to submit the document "belated[ly]" because "neither Supreme Court Rule 373 nor Rule 12(b) specify WHEN the proof of service, to show compliance with the 'mailbox rule,' must be filed."  (Emphasis in original.)  In the document, David certified under section 1-109 of the Code (735 ILCS 5/1-109 (West 2018)) that he "served a copy of the NOTICE OF APPEAL upon the Clerk of the 19th Judicial Circuit Court at the Lake County Courthouse, 18 N. County Street, Waukegan, IL 60085-4369, by placing it and the Notice of Filing and Proof of Service upon [opposing counsel] in the **** prison mail system with first-class postage prepaid, on the same day [he] served [opposing counsel's] copy, on the 16th day of May, 2019." (Emphasis in original.)  David also included a notice of filing addressed to opposing counsel, as well as a proof of service verifying under section 1-109 of the Code that he served a copy of the "belated proof of service" and notice of filing upon the clerk of court and opposing counsel by placing them in the prion's mailing system on September 29, 2019.  The documents were file stamped by the clerk's office on October 11, 2019.  This appeal followed.

¶ 8                                   II. ANALYSIS

---

[1] See *People v. Hansen*, 2011 IL App (2d) 081226 (holding that a clearly legible postmark is sufficient proof of mailing under Rule 12); *contra People v. Blalock*, 2012 IL App (4th) 110041 (appellate court lacked jurisdiction because Rule 12 did not allow for the substitution of a postmarked envelope in lieu of a certificate or affidavit or mailing).

¶ 9        Petitioners argue on appeal that the circuit court erred in granting the executor's motion to dismiss the amended petition because, in their view, the petition alleged facts sufficient to state various claims—including undue influence, the testator's ignorance of the contents of the will, lack of capacity, fraud, tortious interference with an expectancy, and financial exploitation. We do not reach the merits of these arguments, however, because petitioners failed to timely perfect their appeal.

¶ 10        At the outset, we note that petitioners assert in the jurisdictional statement of their appellate brief that they appeal pursuant to Supreme Court Rule 301. This rule provides that every final judgment of a circuit court in a civil case is appealable as of right. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994). Petitioners assert that final judgment was entered on April 23, 2019—when the circuit court dismissed their amended petition following briefing on the executor's motion to dismiss.

¶ 11        In determining whether petitioners' notice of appeal was timely, we first look to Supreme Court Rule 303(a)(1) (eff. July 1, 2017), which governs the timing of appeals from final judgments in civil cases. This rule states that a notice of appeal must be filed with the clerk within 30 days after entry of the final judgment appealed from, or, if a timely posttrial motion directed against the judgment is filed, within 30 days after the entry of the order disposing of the last pending postjudgment motion. *Id*.

¶ 12        As noted, the circuit court entered a final order dismissing petitioners' action on April 23, 2019. By operation of Rule 303(a)(1), petitioners' notice of appeal was required to be filed with the clerk by May 23, 2019, which is 30 days later. The parties do not dispute that the clerk did not receive the notice of appeal by that date. Instead, the clerk received the notice on June 3, 2019, which is 41 days after entry of the final judgment.

¶ 13    Under Supreme Court Rule 373 (eff. July 1, 2017), a notice of appeal in the trial court is generally deemed filed on the date the clerk physically receives it.  However, as relevant here, this rule carves out an exception that is available for *pro se* inmates if certain requirements are met.  Specifically, the rule provides that "[i]f received after the due date, the time of mailing by an incarcerated, self-represented litigant shall be deemed the time of filing."  In this context, this exception is colloquially known as the "mailbox rule."  For a *pro se* inmate to avail him or herself of the mailbox rule, however, Rule 373 requires that the "[p]roof of mailing shall be as provided in Rule 12."  Ill. S. Ct. R. 373 (eff. July 1, 2017).  "To rely on the date of mailing as the filing date, a [litigant] must provide proof of mailing by filing a proof of service that complies with the requirements of Illinois Supreme Court Rule 12." *People v. Shines*, 2015 IL App (1st) 121070, ¶ 33.  The necessity of proper proof of service is "elementary" because, in its absence, "there is nothing in the record to establish the date the document was timely mailed to confer jurisdiction on the appellate court." *Secura Insurance Co. v. Illinois Farmers Insurance*, Co., 232 Ill. 2d 209, 216 (2009).

¶ 14    Here, the parties agree that the clerk received petitioners' notice of appeal more than 30 days after the April 23, 2019, order dismissing the amended complaint, as well as that both *pro se* petitioners are incarcerated.  Therefore, for petitioners to find safe harbor under the mailbox rule, Rule 373 required that their proof of service conform to Rule 12.

¶ 15    Supreme Court Rule 12, entitled "Proof of Service in the Trial and Reviewing Courts; Effective Date of Service," pertinently provides as follows:

> "(a) Filing.  When service of a document is required, proof of service shall be filed with the clerk.
>
> (b) Manner of Proof.  Service is proved:

*  *  *

(6)   in case of service by mail by a self-represented litigant residing in a
correctional facility, by certification under section 1-109 of the Code of Civil
Procedure of the person who deposited the document in the institutional mail,
stating the time and place of deposit and the complete address to which the
document was to be delivered." Ill. S. Ct. Rs. 12(a), (b)(6) (eff. July 1, 2017).

¶ 16   Petitioners acknowledge that they did not enclose a proof of service as contemplated by
Rules 373 and 12(b)(6) with the notice of appeal they assert they placed in the prison's mail system
on May 16, 2019. They state in their brief that "the original proof of service showed only service
upon the defendants' counsel," but that they later "realized their proof of service for the notice of
appeal had not showed service of [the] notice of appeal on the clerk."[2] Nevertheless, petitioners
assert that they may avail themselves of the mailbox rule because, "[i]n response to this
realization," they mailed to the clerk a "belated proof of service" on September 29, 2019.

---

[2] Petitioners state they did not realize their error until sometime after September 19, 2019—
when the circuit court denied as untimely their postjudgment motion based on their similar failure
to prepare and file a proof of service relative to said motion. The circuit court subsequently file
stamped an amended notice of appeal on October 21, 2019, where petitioners purport to likewise
appeal the denial of the postjudgment motion. The amended notice of appeal is of no import,
however, as petitioners' original notice of appeal is deemed to include the denial of the
postjudgment motion (see Supreme Court Rule 303(a)(2) (eff. July 1, 2017)), and petitioners do
not argue on appeal that the postjudgment motion was timely.

Petitioners argue that this document "show[s] the original notice of appeal had been SERVED upon the Circuit Court Clerk on the same day (May 16, 2019) as the defendant's counsel's copy, along with a separate notice of filing and proof of service on both the Circuit Court Clerk and the defendant's counsel."  (Emphasis in original.)

¶ 17    The "belated proof of service" appears in the record on appeal and, below its main heading, petitioners asserted that they were permitted to submit it "belated[ly" because neither Supreme Court Rule 373 nor Rule 12(b) specify when the proof of service, to show compliance with the mailbox rule, must be filed.  Petitioners largely repeat this argument in their opening brief and assert that the *contemporaneous* filing of a proof of service with the notice of appeal is not a jurisdictional prerequisite for appellate review because, under Rule 301, the filing of a notice of appeal is the only jurisdictional step that was required of them.  They also rely on our supreme court's decision in *Secura* for the proposition that the appellate court has jurisdiction over appeals where "the record has been supplemented with an adequate (but BELATED) [p]roof of [s]ervice." (Emphasis in original.)  Pointing to their supplementation of the record with a "belated proof of service," petitioners argue that the record therefore contains proof of service that complies with Rule 12(b)(6), in that David certified under section 1-109 of the Code that he placed the notice of appeal into the prison mail system on May 16, 2019, and included the complete address of the Lake County circuit court clerk.

¶ 18    In response, the executor does not directly address petitioners' argument that they were permitted to file a "belated proof of service" to obtain refuge under the mailbox rule.  Rather, she argues that petitioners failed to comply with Rule 12(b)(6) because "the proof of service relative to [their] notice of appeal does not contain the address of the Clerk's office for the Nineteenth Judicial Circuit."  Citing *People v. Liner*, 2015 IL App (3d) 140167, she asserts that the absence

of the clerk's address on a verification required by Rule 12 does not satisfy the mailbox rule such that the date file stamped on the notice of appeal, June 3, 2019, is the date of filing.

¶ 19    Petitioners respond that the document the executor draws our attention to is irrelevant because it is merely the notice of filing they sent to inform her that they filed a notice of appeal. See Supreme Court Rule 303(c) (eff. July 1, 2017) ("[t]he party filing the notice of appeal *** shall, within 7 days, *** serve the notice of appeal upon every other party").  Petitioners reiterate their argument that, because they supplemented the record with a "belated" proof of service, "[t]he record before this court contains a 'proof of service' compliant with [Rule 12(b)(6)] that shows when the incarcerated, self-represented appellants placed their notice of appeal into the prison mail system for service upon the clerk of the circuit court."

¶ 20    Despite the executor's failure to directly address petitioners' argument, we will not blindly accept petitioners' assertion that their "belated" proof of service was adequate under the mailbox rule.  This court has an independent duty to ascertain its jurisdiction and dismiss the appeal if jurisdiction is lacking.  See *In re Marriage of Knoerr*, 377 Ill. App. 3d 1042, 1043 (2007).

¶ 21    We determine that we lack jurisdiction over the appeal because the notice of appeal was file stamped more than 30 days after the entry of final judgment, and petitioners failed to comply with the applicable supreme court rules needed to invoke the mailbox rule.  It is well established that the timely filing of a notice of appeal is both mandatory and jurisdictional.  *R.W. Dunteman Co. v. C/G Enterprises, Inc.*, 181 Ill. 2d 153, 159 (1998).  When an appeal is untimely, the appellate court has "no discretion to take any action other than dismissing the appeal." *People v. Lyles*, 217 Ill. 2d 210, 216-17 (2005).

¶ 22    Although petitioners are correct that neither Illinois Supreme Court Rule 373 nor Rule 12 explicitly provide a deadline for filing a proof of service to satisfy the mailbox rule, they overlook

that the deadline is provided, albeit indirectly, in Rule 303(c) (eff. July 1, 2017). This rule provides, in pertinent part, as follows:

"(c) Service of Notice of Appeal. The party filing the notice of appeal *** shall, within 7 days, file a notice of filing with the reviewing court and serve the notice of appeal upon every other party and upon any other person or officer entitled to law by notice. Proof of service, as provided in Rule 12, shall be filed with the notice." Ill. S. Ct. R. 303(c) (eff. July 1, 2017).

¶ 23    In interpreting supreme court rules, we employ the same principles that govern our interpretation of statutes. *McCarthy v. Taylor*, 2019 IL 123622, ¶17. Our primary goal is to ascertain and give effect to the drafters' intention. *In re Estate of Rennick*, 181 Ill. 2d 395, 404-05 (1998). The best indicator of that intent is the language used by the drafters, when given its plain and ordinary meaning. *People v. Salem*, 2016 IL 118693, ¶ 11. When the language of a supreme court rule is clear, we must give it effect without resort to other tools of interpretation. *In re Michael D.*, 2015 IL 119178, ¶ 9. Moreover, "each section must be construed consistently with the other sections and subsections." *Longstreet v. Cottrell, Inc.*, 374 Ill. App. 3d 549, 552 (2007).

¶ 24    Rule 303(c) provides that the party filing the notice of appeal must also file proof of service in the reviewing court, as provided in Rule 12, within 7 days of filing the notice of appeal. It also establishes that the proof of service "shall be filed with the notice." Ill. S. Ct. R. 303(c) (3) (eff. July 1, 2017). "The use of the word 'shall' generally indicates a mandatory requirement." *Illinois Department of Healthcare & Family Services ex re. Wiszowaty v. Wiszowaty*, 239 Ill. 2d 483, 487 (2011).

¶ 25    Reading the plain and unambiguous language of Rule 303(c), together with Rule 373 and Rule 12, as we must, it is clear the seven-day deadline set forth in Rule 303(c) likewise applies to

proofs of service under Rule 12. This is so because Rule 303(c) requires that (1) the party filing a notice of appeal file a Rule 12 proof of service *with* the notice of filing, and (2) the notice of filing be filed with the reviewing court within seven days of the notice of appeal. It therefore follows that the seven-day deadline in Rule 303(c) applies to proofs of service under Rule 12 to demonstrate proof of service of the notice of appeal under Rule 373. Stated another way, because Rule 303(c) establishes a deadline for proofs of service under Rule 12, the deadline also must apply to proofs of service under Rule 373—which also must comply with Rule 12.

¶ 26    Here, petitioners failed to submit proof of service within seven days of filing their notice of appeal as required by Rule 303(c). Instead, some four months later, David dispatched a document entitled "Petitioner's Belated Proof of Service" concerning their notice of appeal. Although the proof of service appears to comply with the requirements of Rule 12 that are explicitly provided (in that David certified under section 1-109 of the Code that he placed the notice of appeal in the prison mail system, and specified the date of deposit, as well as included the complete address to which it was to be delivered), the proof of service was mailed well beyond the seven-day deadline, made applicable to Rule 12 by operation of Rule 303(c), for the filing of proofs of service. We note that petitioners' decision to preface the title of the proof of service with the word "belated" suggests that they recognized that it was dispatched after the customary or expected time.

¶ 27    Petitioners' argument also finds no support in *Secura*. There, the plaintiff's notice of appeal was received by the clerk's office after the 30-day deadline for filing a notice of appeal, and the record contained no affidavit or certificate of service. *Secura Insurance Co.,* 232 Ill. 2d at 212. The appellate court allowed the plaintiff to supplement the record with a cover letter that indicated that the plaintiff mailed the notice of appeal prior to the expiration of the 30-day deadline,

which was the only evidence presented to show the mailing was timely. In holding that the appellate court lacked jurisdiction over the appeal, our supreme court noted that a party may take advantage of Rule 373 only "if it files proper proof of mailing as required" by Rule 12. The court found "elementary" its reasoning that "[i]f there is no proof of mailing on file, there is nothing in the record to establish the date the document was timely mailed to confer jurisdiction on the appellate court." It determined that the cover letter, which "lack[ed] any accompanying certification or affidavit," was insufficient to comply with the rule, and it noted that "the record, having been supplemented with the cover letter, offer[ed] no more certainty concerning the timeliness of the notice than it did before the cover letter became part of the record." *Id*. at 216.

¶ 28    Contrary to petitioners' argument, *Secura* does not stand for the proposition that the appellate court has jurisdiction over an appeal where an appellant supplements the record with "adequate, but belated," proof of service. In fact, *Secura* did not involve any document that was "belated" or backdated, because the cover letter in that case accompanied the notice of appeal received by the clerk. To the extent that petitioners rely on *Secura* for the proposition that an appellant may supplement the record in an effort to supply proof of service during the pendency of an appeal, *Secura* does not compel us to accept such supplemented materials as sufficient proof of service where, as here, petitioners did not submit a proof of service until several months after the time for filing a notice of appeal had expired.

¶ 29    Finally, we would be remiss if we did not point out that the absence of any deadline for the filing of proofs of service under the mailbox rule, as advocated by petitioners, would raise serious practical difficulties in situations, like this, where a proof of service is not tendered until long after the window for filing a notice of appeal has closed. Faced with defects in proofs of service where a litigant wishes to benefit from the mailbox rule, the parties often litigate on appeal whether the

proof of service substantially complied with Rule 12. See, e.g., *Liner*, 2015 IL App (3d) 140167; *People v. Lugo*, 391 Ill. App. 3d 995 (2009); *Ingrassia v. Ingrassia*, 156 Ill. App. 3d 483, 502 (1987). If an appellant could remedy a defective proof of service well beyond the time for filing a notice of appeal simply by drafting and filing a *new* (yet compliant) proof of service under Rule 12, such exception would impermissibly swallow the rule that, "[a]lthough minor defects will be excused, proof of proper service by mail must be made in substantial compliance with the requirements of Supreme Court Rule 12." See *Ingrassia*, 156 Ill. App. 3d at 502. Indeed, in interpreting supreme court rules, we presume that the drafters did not intend to produce absurd, inconvenient, or unjust results. *People v. Marker*, 233 Ill. 2d 158, 167 (2009). Put simply, the rules do not permit a litigant to submit, for the first time, a proof of service under Rule 12 several months after the time for filing a notice of appeal has expired. To conclude otherwise would lead to absurd results, in that it would shelter under the mailbox rule any untimely notice of appeal as long as the *pro se* incarcerated litigant filed a backdated certification under section 1-109 of the Code that he or she timely mailed a notice of appeal.

¶ 30     Having failed to either enclose a proof of service with the notice of appeal or timely dispatch proof of service within seven days thereafter, once 30 days elapsed following the entry of final judgment, petitioners' only recourse was to file a motion seeking an extension of time to file a late notice of appeal under Rule 303(d) (eff. July 1, 2017). Petitioners did not do so, and we therefore lack jurisdiction.

¶ 31                                III. CONCLUSION

¶ 32     For the reasons stated, we dismiss petitioners' appeal for lack of jurisdiction.

¶ 33     Appeal dismissed.