NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 220019-U

NO. 4-22-0019

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
October 13, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Knox County |
| CHAR M. SHUNICK, | ) | No. 16CF27 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Raymond A. Cavanaugh, |
| | ) | Judge Presiding. |

---

JUSTICE CAVANAGH delivered the judgment of the court.
Justices Steigmann and Zenoff concurred in the judgment.

**ORDER**

¶ 1     *Held*:   Absent a proof of service adequate to trigger the prison mailbox rule, the notice of appeal is untimely, and the appellate court lacks jurisdiction over this appeal.

¶ 2     Defendant, Char M. Shunick, is serving a sentence of imprisonment in Dixon Correctional Center in Dixon, Illinois, for a drug offense. He petitioned for postconviction relief, and the Circuit Court of Knox County summarily dismissed his petition. He appeals. We dismiss his appeal for lack of jurisdiction.

¶ 3                              I. BACKGROUND

¶ 4     On December 30, 2019, in a bench trial, the circuit court found defendant guilty of unlawfully possessing, with the intent to deliver, a controlled substance (720 ILCS 570/401(a)(2)(B) (West 2018)).

¶ 5        On August 26, 2020, the circuit court sentenced defendant to imprisonment for nine years.

¶ 6        On September 20, 2021, defendant filed a *pro se* petition for postconviction relief.

¶ 7        On September 30, 2021, the circuit court entered an order summarily dismissing the petition "in its entirety with prejudice." See 725 ILCS 5/122-2.1(a)(2) (West 2020). The docket entry for that date notes that a "C/C" (courtesy copy) of the summary dismissal order was sent to defendant.

¶ 8        Defendant afterward filed a document titled "Motion to Reconsider and Leave to Amend Petition for Post Conviction Relief Under 725 ILCS 5/122-1." In this motion, which the circuit clerk file-stamped on November 3, 2021, defendant "move[d] the Honorable court to reconsider its dismissal with prejudice, and allow him to leave to amend the petition."

¶ 9        The final page of the motion for reconsideration was a "Certificate of Service," which, above defendant's signature, read as follows:

> "This is to certify That I have on this date served true and correct copies of the foregoing to:
>
> Clerk of the Circuit Court of Knox County and;
>
> Knox County State's Attorney
>
> via U.S. Mail postage fully prepaid on this 26th day of Oct 2021 by depositing the same in the institutional mailbox at Dixon C.C."

¶ 10       On December 13, 2021, the circuit court signed an order denying the motion for reconsideration. The order is file-stamped December 14, 2021.

¶ 11       On January 5, 2022, defendant filed a notice of appeal.

¶ 12       On January 11, 2022, he filed an amended notice of appeal.

¶ 13                                   II. ANALYSIS

¶ 14          Neither party questions our jurisdiction over this appeal. Even so, we have an independent duty to make sure we have jurisdiction. See *People v. Smith*, 228 Ill. 2d 95, 104 (2008); *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009).

¶ 15          For us to have jurisdiction over an appeal, a party had to file in the circuit court a notice of appeal that was timely. See *Secura*, 232 Ill. 2d at 213. To assess the timeliness of a notice of appeal in a postconviction case, we turn to the rules applicable to criminal appeals. Rule 651(d) provides, "The procedure for an appeal in a post-conviction proceeding shall be in accordance with the rules governing criminal appeals." Ill. S. Ct. R. 651(d) (eff. July 1, 2017). Under Rule 606(b) (Ill. S. Ct. R. 606(b) (eff. Mar. 12, 2021)), which governs criminal appeals, "the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from or if a motion directed against the judgment is timely filed, within 30 days after the entry of the order disposing of the motion."

¶ 16          The next question, therefore, is what is the deadline for filing, in a postconviction proceeding, a motion directed against the judgment. We answer that question by analogizing to criminal cases. See Ill. S. Ct. R. 651(d) (eff. July 1, 2017). The final judgment in a criminal case is the sentence. *People v. Caballero*, 102 Ill. 2d 23, 51 (1984). The defendant in a criminal case has 30 days after the final judgment (that is, after the sentence) to file any motion directed against that judgment. See 730 ILCS 5/5-4.5-50(d) (West 2020). Correspondingly, in a postconviction proceeding, if the defendant wishes to file a motion directed against a summary dismissal—which likewise is a final judgment—the defendant must file the motion within 30 days after the entry of the summary dismissal order. *People v. Dominguez*, 366 Ill. App. 3d 468, 472 (2006).

¶ 17        The circuit court in the present case entered the summary dismissal order on September 30, 2021. Assuming, for the sake of argument, that defendant's ensuing motion for reconsideration qualified as a motion directed against the judgment (but see *Fultz v. Haugan*, 49 Ill. 2d 131, 136 (1971) (holding that "[t]he motion for leave to amend is not a motion directed against the judgment")), the motion for reconsideration, judging by its file stamp, was untimely. We count 34 days from the date the summary dismissal order was entered (September 30, 2021) to the date of the file stamp on the motion for reconsideration (November 3, 2021). See 5 ILCS 70/1.11 (West 2020) (explaining how to "compute[ ]" "[t]he time within which any act provided by law is to be done").

¶ 18        We are aware that the prison mailbox rule can overcome a file stamp. However, an incarcerated person who wants to rely on the prison mailbox rule must provide an adequate proof of service. Rule 12(b)(6) lays down some specific requirements for the proof of service:

> "(b) Manner of proof. Service is proved:
>
> * * *
>
> (6) in case of service by mail by a self-represented litigant residing in a correctional facility, by certification under section 1-109 of the Code of Civil Procedure [(735 ILCS 5/1-109 (West 2020))] of the person who deposited the document in the institutional mail, stating the time and place of deposit and the complete address to which the document was to be delivered." Ill. S. Ct. R. 12(b)(6) (eff. July 1, 2017).

"To rely on the date of mailing as the filing date," the incarcerated defendant must "provide proof of mailing by filing a proof of service that complies with" the rule quoted above. *People v. Shines*,

2015 IL App (1st) 121070, ¶ 33. Otherwise, "the date the circuit clerk's office file-stamped the motion controls." *People v. Blalock*, 2012 IL App (4th) 110041, ¶ 7.

¶ 19 The proof of service at the end of defendant's motion for reconsideration suffers from three deficiencies. First, it lacks a "certification under section 1-109 of the Code of Civil Procedure [(735 ILCS 5/1-109 (West 2020))]." Ill. S. Ct. R. 12(b)(6) (eff. July 1, 2017). A certification under section 1-109 must be

> "in substantially the following form: Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true." 735 ILCS 5/1-109 (West 2020).

The proof of service in defendant's motion for reconsideration contains no language resembling that prescribed by section 1-109. Second, the proof of service fails to "stat[e] the time *** of deposit." Ill. S. Ct. R. 12(b)(6) (eff. July 1, 2017). Third, the proof of service fails to "stat[e] *** the complete address to which the document was to be delivered." *Id.*

¶ 20 Because the proof of service in the motion for reconsideration fails to comply with Rule 12(b)(6), "the date the circuit clerk's office file-stamped the motion controls," and the motion is untimely. *Blalock*, 2012 IL App (4th) 110041, ¶ 7. Because an untimely postjudgment motion fails to toll the 30-day period for filing a notice of appeal, the notice of appeal is untimely as well, and we lack jurisdiction over this appeal. See Ill. S. Ct. R. 606(b) (eff. Mar. 12, 2021); Ill. S. Ct. R. 651(d) (eff. July 1, 2017); *Secura*, 232 Ill. 2d at 213.

¶ 21 III. CONCLUSION

- 5 -

¶ 22        For the foregoing reasons, we dismiss this appeal for lack of jurisdiction.

¶ 23        Appeal dismissed.