# Illinois Official Reports

## Appellate Court

---

**People v. Cooper, 2021 IL App (1st) 190022**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TODD COOPER, Defendant-Appellant. |
| District & No. | First District, Sixth Division<br>No. 1-19-0022 |
| Filed | October 22, 2021 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 14-CR-19586; the Hon. Thomas Joseph Hennelly, Judge, presiding. |
| Judgment | Remanded with directions. |
| Counsel on Appeal | James E. Chadd, Douglas R. Hoff, and Kelly Anne Burden, of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Kimberly M. Foxx, State's Attorney, of Chicago (John E. Nowak, Tasha-Marie Kelly, and Joseph Alexander, Assistant State's Attorneys, of counsel), for the People. |
| Panel | JUSTICE MIKVA delivered the judgment of the court, with opinion. Justices Harris and Oden Johnson concurred in the judgment and opinion. |

**OPINION**

¶ 1        Defendant Todd Cooper appeals from a circuit court order denying his motion to withdraw his guilty plea. On appeal, Mr. Cooper contends that his motion, file-stamped the day after it was due, should be deemed timely under the mailbox rule, though Mr. Cooper did not file a certification complying with Illinois Supreme Court Rule 12(b)(6) (eff. July 1, 2017). We must reject Mr. Cooper's invitation to expand the mailbox rule to encompass situations like this where, though circumstances may suggest that a requisite filing was placed in the mail on or before its due date, the defendant has failed to provide a certification evidencing proof of timely mailing as specified in Rule 12(b).

¶ 2        Given the strong circumstantial evidence indicating that Mr. Cooper did place his motion in the prison mail system on or before the deadline, however, we find it was improper for the circuit court in this case not to have allowed Mr. Cooper an opportunity to supplement the record with the requisite certification. The court questioned Mr. Cooper, who was not represented by counsel, only as to when his motion was *filed* and did not go on to ask him the more pertinent question: when did he place his motion in the mail? Had the court made that inquiry, Mr. Cooper may well have been able to confirm timely mailing with the requisite certification. Because this important inquiry was not made, we find the proceedings below to be deficient. In an exercise of our authority under Illinois Supreme Court Rule 615(b)(2) (eff. Jan. 1, 1967), we remand this matter to the circuit court for the limited purpose of allowing Mr. Cooper—if he is able to do so—to supply the necessary certification establishing that his motion was timely mailed.

¶ 3                                              I. BACKGROUND

¶ 4        Mr. Cooper was charged with numerous counts of first degree murder, aggravated criminal sexual assault, and robbery in connection with events occurring on or about October 14, 2014. He pleaded guilty to one count of first degree murder in exchange for a sentence of 45 years in prison. According to the factual basis offered in support of the plea, Mr. Cooper and his two codefendants sexually assaulted and killed a homeless man in an alley on the northwest side of Chicago. On May 10, 2018, the circuit court accepted Mr. Cooper's guilty plea and admonished him of his appellate rights. The court explained to Mr. Cooper that, if he wished to appeal, he had 30 days in which to file a motion to withdraw his guilty plea. Because the thirtieth day fell on June 9, a Saturday, Mr. Cooper had until Monday, June 11, 2018, to file such a motion.

¶ 5        Mr. Cooper filed a *pro se* motion to withdraw his guilty plea that was file-stamped by the circuit court clerk on June 12, 2018, 1 day after the 30-day filing deadline had passed. At a hearing on the motion held on November 19, 2018, the court asked Mr. Cooper whether June 12, 2018, was the date on which his motion had been filed with the clerk's office. Mr. Cooper, unrepresented by counsel and quite possibly unaware that, under the mailbox rule, the date of mailing can be deemed the date of filing, agreed that it was. The court also questioned Mr. Cooper at length regarding the basis for his argument that his counsel had coerced him into accepting the guilty plea. The court then denied the motion, finding both that it was untimely and that it lacked substantive merit.

¶ 6        Mr. Cooper now appeals.

## II. JURISDICTION

The circuit court denied Mr. Cooper's motion to withdraw his guilty plea on November 19, 2018. Mr. Cooper filed a timely notice of appeal on December 13, 2018. We have jurisdiction over this appeal under Illinois Supreme Court Rule 603 (eff. Feb. 6, 2013) and Rule 606 (eff. Mar. 12, 2021), governing appeals from final judgments in criminal cases.

## III. ANALYSIS

Our review is *de novo* because this appeal turns on the construction of court rules. *In re Receivership of Grnacek*, 2012 IL App (3d) 110181, ¶ 38. Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) governs appeals from judgments entered upon pleas of guilty. Under Rule 604(d), when a defendant seeks to appeal from such a judgment, the defendant must demonstrate that he or she first filed in the circuit court a motion to withdraw the plea—or, if only the sentence is at issue, a motion to reconsider the sentence—within 30 days of the date on which the sentence was imposed. Ill. S. Ct. R. 604(d) (eff. July 1, 2017). The timely filing of a motion under this rule triggers the appointment of counsel to assist an indigent defendant in amending, if necessary, and presenting the motion to the court. *Id.* Mr. Cooper's motion to withdraw his plea under this rule was denied as untimely.

Illinois Supreme Court Rule 373 (eff. July 1, 2017) is titled "Date of Filing in Reviewing Court" but by its terms also applies to any "motion directed against the judgment and to the notice of appeal filed in the trial court." We have recognized that this means that Rule 373 applies to the filing of motions to withdraw guilty pleas. *People v. Tlatenchi*, 391 Ill. App. 3d 705, 713 (2009).

Rule 373 establishes a "mailbox rule" and provides, in relevant part:

> "Unless received after the due date, the time of filing records, briefs or other documents required to be filed within a specified time will be the date on which they are actually received by the clerk of the reviewing court. If received after the due date, the time of mailing by an incarcerated, self-represented litigant shall be deemed the time of filing. Proof of mailing shall be as provided in Rule 12." Ill. S. Ct. R. 373 (eff. July 1, 2017).

Rule 12, which addresses proof of service but applies, through Rule 373, to proof of mailing for purposes of the mailbox rule, states under paragraph (b), titled "Manner of Proof," that mailing "is proved" in six enumerated ways. Ill. S. Ct. R. 12(b) (eff. July 1, 2017). In the case of "a self-represented litigant residing in a correctional facility," proof is by "certification under section 1-109 of the Code of Civil Procedure [(Code)] of the person who deposited the document in the institutional mail, stating the time and place of deposit and the complete address to which the document was to be delivered." Ill. S. Ct. R. 12(b)(6) (eff. July 1, 2017). Section 1-109 of the Code, in turn, allows for verification by certification, without the requirement that the document be sworn to before a notary or other authorized person. 735 ILCS 5/1-109 (West 2016).

Our supreme court addressed whether proof of mailing could be based on something other than the "Manner of Proof" specified in Rule 12(b) in *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209 (2009). The issue before the court in *Secura* was whether proof of mailing could be made by extrinsic evidence other than the specific evidence demanded by what was then paragraph 12(b)(3) (Ill. S. Ct. R. 12(b)(3) (eff. Nov. 15, 1992)). *Secura*, 232 Ill.

2d at 215. That paragraph provided that "[s]ervice [was] proved *** in case of service by mail, by certificate of the attorney, or affidavit of a person other than the attorney, who deposited the paper in the mail, stating the time and place of mailing, the complete address which appeared on the envelope, and the fact that proper postage was prepaid." Ill. S. Ct. R. 12(b)(3) (eff. Nov. 15, 1992).

¶ 15    In *Secura*, the appellant insurance company argued that it had mailed a timely notice of appeal to the clerk's office and that proof of the date of mailing was reflected in the date typed on the cover letter that accompanied the notice of appeal. *Secura*, 232 Ill. 2d at 215-16. The court held that, "while Rule 373 relaxes the requirements of timely filing where a party takes advantage of the convenience of mailing a document, a party can only take advantage of Rule 373 if it files proper proof of mailing as required by [Rule 12]." *Id.* at 216. As the *Secura* court explained: "The reason for such a requirement is elementary. If there is no proof of mailing on file, there is nothing in the record to establish the date the document was timely mailed to confer jurisdiction on the appellate court." *Id.* The court concluded that the cover letter in that case was insufficient to satisfy Rule 373 and Rule 12 because, although it contained a date, it was not sworn to and thus, at best, indicated that the enclosed documents "*may have been mailed on that date.*" (Emphasis added.) *Id.*

¶ 16    This court considered and rejected the precise extension of the mailbox rule that Mr. Cooper seeks here in *People v. Shines*, 2015 IL App (1st) 121070. The defendant in that case argued that his motion to withdraw a guilty plea was timely under the mailbox rule where the filing deadline was on a Friday and the defendant's motion was file-stamped on the following Monday, three days too late. *Id.* ¶¶ 29-31. The defendant argued that, with no Sunday mail, the only way the filing could have been untimely was if it had been placed in the prison system on Saturday and delivered in just one day to the court and that this was an " 'exceedingly remote possibility.' " *Id.* ¶ 32. This court rejected the defendant's argument, concluding that Rule 12 simply does not allow courts to infer when a defendant placed a document in the mail system. *Id.*

¶ 17    Mr. Cooper attempts to distinguish *Shines* on the basis that the timely placement of the defendant's motion in that case was "likely," whereas here it was a "virtual certainty." These differences in the strength of circumstantial evidence of a timely mailing, however, are simply not controlling. The plain language of the rules and our supreme court's interpretation of those rules in *Secura* limit the *kind* of evidence—not the strength of evidence—that may be considered by a court in determining whether a filing was timely mailed. As the *Shines* court stated: "To rely on the date of mailing as the filing date, a defendant must provide proof of mailing by filing a proof of service that complies with the requirements of [Rule 12]." *Id.* ¶ 33.

¶ 18    As the court recognized in *Shines*, this strict reading of the rule may have been unfair to the defendant in that case, who the court agreed was "highly likely" to have mailed his motion on time. *Id.* ¶ 40. Of course, that is equally—if not more—true here. However, we are bound by our supreme court's decision in *Secura*, and we agree with our court's application of the law in *Shines*. By treating the date of mailing as the date of filing, the mailbox rule extends the time for an incarcerated person to make a timely filing. However, that allowance is made only where proof of the time of that mailing is provided to the court in the manner specified by Rule 12. Mr. Cooper provided no such proof in this case.

¶ 19    All of this notwithstanding, we do note that there was ample opportunity in this case for the circuit court to allow Mr. Cooper to supplement the record with a Rule 12(b)(6) certification

if, as the record suggests was the case, he could truthfully have done so. The circuit court judge began the hearing on Mr. Cooper's motion by stating that he was "in receipt of a document file-stamped June 12th of 2018." The judge then showed the document to Mr. Cooper and asked him a series of questions—whether it looked like his handwritten motion, whether it was his signature at the bottom, and, in reference to the file stamp, "Is that the date you filed it with the clerk's office?" Mr. Cooper answered yes to each question, and this was the extent of any inquiry on the timeliness of his motion. The circuit court then proceeded, over seven or eight additional pages of transcript, to question Mr. Cooper, who was unrepresented by counsel, regarding the merits of his motion before ruling both that the motion was untimely and that it lacked substantive merit.

¶ 20    As Mr. Cooper correctly points out, under Illinois Supreme Court Rule 604(d) (eff. July 1, 2017), the merits of his motion should not have been considered unless counsel was first appointed to represent him. The circuit court was correct to begin with an inquiry into the timeliness of the motion to withdraw the guilty plea. However, once it determined that the document had been file-stamped by the clerk's office just one day after it was due, the appropriate next step was to determine if Mr. Cooper could supplement his motion with the certification required by Rule 12(b)(6) and section 1-109 of the Code. By inquiring into the timeliness of Mr. Cooper's motion but failing to follow that inquiry to its logical conclusion, the court left the proceedings on this issue incomplete.

¶ 21    We see nothing in Rule 12(b)(6) that prohibits a litigant from supplementing his filing with a certification proving the date and manner of mailing. Indeed, this seems to have been permitted even under the common-law mailbox rule. See, *e.g.*, *A.S. Schulman Electric Co. v. Village of Fox Lake*, 115 Ill. App. 3d 746, 748-50 (1983) (reversing the circuit court's ruling striking a posttrial motion as untimely where, in response to the motion to strike, counsel for the moving party supplemented the record with an affidavit establishing that the motion was mailed by the applicable deadline). If Mr. Cooper had supplied such a certification, he would have been entitled to court-appointed counsel, and the circuit court could have appropriately proceeded to consider the merits of his motion. None of this occurred. Unless and until it does, we cannot properly consider the merits of Mr. Cooper's motion to withdraw his guilty plea.

¶ 22    This court recently recognized that, "when the appellate court finds further trial court hearings are called for in a criminal case," the procedure preferred by our supreme court "is to remand for those hearings while retaining jurisdiction." *People v. Hill*, 2021 IL App (1st) 131973-B, ¶ 15 (citing *People v. Garrett*, 139 Ill. 2d 189, 194 (1990)). The authority to do so lies in Rule 615(b)(2), which permits a reviewing court to " 'set aside, affirm, or modify any or all of the proceedings subsequent to or dependent upon the judgment or order from which the appeal is taken.' " *Id.* (quoting Ill. S. Ct. R. 615(b)(2) (eff. Jan. 1, 1967)). Under the rule, we may "revest the trial court with jurisdiction to complete [those] proceedings [we] found deficient before resuming consideration of the appeal." *Id.* ¶ 18. We find occasion to exercise our discretion under this rule here.

¶ 23                                    IV. CONCLUSION

¶ 24    For the above reasons, we remand this matter to the circuit court for the limited purpose of inquiring of Mr. Cooper when his motion was mailed. If it was timely mailed and Mr. Cooper is able to truthfully do so, he should be allowed to supply a certification complying with Rule 12(b)(6) and section 1-109 of the Code that establishes the date and manner of mailing for his

motion to withdraw his guilty plea. If the motion was timely and Mr. Cooper is indigent, he is entitled to the appointment of counsel under Rule 604(d). We retain jurisdiction over this appeal to consider the timeliness and the merits of Mr. Cooper's motion, if necessary, on a more complete record.

¶ 25       Remanded with directions.