2022 IL App (1st) 200387-U

SIXTH DIVISION
November 10, 2022

No. 1-20-0387

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 18 CR 5814 |
| | ) | |
| LEVELL MASON, | ) | The Honorable |
| | ) | Mary Margaret Brosnahan, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE TAILOR delivered the judgment of the court.
Justices Walker and Oden Johnson concurred in the judgment.

**ORDER**

¶ 1    *Held*: We do not reach the merits of defendant's appeal where the record does not establish that he filed his motion to withdraw his guilty plea within 30 days of the entry of his guilty plea. We retain jurisdiction and remand to the circuit court to determine when defendant mailed his motion and whether it was timely.

¶ 2    Defendant, Levell Mason, appeals from the circuit court's order denying his motion to withdraw his guilty plea and vacate his sentence. On appeal, he argues (1) the circuit court failed to conduct an adequate *Krankel* inquiry into the *pro se* claims of ineffective assistance of counsel he made during a hearing on his motion to withdraw his plea; (2) his counsel did not strictly comply with Illinois Supreme Court Rule 604(d) because she did not amend the *pro se* motion to include

various claims; and (3) his right to conflict-free counsel was violated where the same counsel against whom Mason attempted to raise an ineffective assistance claim represented him during the proceedings on his motion to withdraw his plea, and counsel did not withdraw when Mason raised concerns about counsel's representation.

¶ 3     We cannot reach the merits of Mason's appeal because his original motion to withdraw his guilty plea in the circuit court bears a file-stamp that, on its face, shows that his motion was untimely, and there is nothing in the record demonstrating that Mason placed his motion in the mail at a correctional facility within 30 days of his guilty plea. However, rather than dismiss Mason's appeal, we retain jurisdiction and remand to the circuit court for additional proceedings consistent with this order.

¶ 4                          I. BACKGROUND

¶ 5     Mason was charged with one count of burglary and one count of possession of burglary tools. Mason entered a negotiated plea, pleading guilty to burglary in exchange for a six-year prison sentence, which was the lowest available sentence because his criminal background subjected him to mandatory Class X sentencing.

¶ 6     On July 26, 2018, the circuit court held a plea hearing. The circuit court advised Mason of the nature of the offense, the applicable sentencing range, his right to a jury trial, the applicable fines, and the mandatory supervised release (MSR) term he would have to serve upon release from prison. The circuit court asked Mason if he was being coerced into pleading guilty, to which he responded that he was "suffering." Mason explained that he was "emotionally sick, I'm mentally ill, bipolar. I'm ready to just get on, you know, find a better program for my life and just ready to go." He indicated he was receiving medication, specifically Abilify for "schizophrenic." Defense counsel informed the circuit court that she did not have any problem communicating with Mason,

2

who "appears to completely understand everything I've said," but that he "has been frustrated." Mason advised the circuit court that he understood what was happening and inquired whether he would get help for his mental illness in prison. Mason acknowledged he was pleading guilty "freely and voluntarily."

¶ 7    The circuit court then heard the factual basis for the plea. On April 1, 2018, at 12:07 a.m., police officers responded to an alarm at The Children's Place, a store located at 712 East 87th Street in Chicago. The store was closed, the doors were locked, and no employees were present. Police observed a broken window display on the outside of the store and a hole in the drywall behind the broken glass. Officers heard someone moving inside the building and observed Mason inside the building moving toward the back of the store. Officers arrested Mason as he exited the back of the building. Officers also observed that the store's security system had been tampered with, although the security camera was still recording. Security camera footage showed Mason inside the store and moving toward a safe. One of the safe's keys was inserted in the safe. A store employee informed police that the key had not been left in the safe, but instead had been left next to the safe. The store manager did not know Mason, and Mason did not have permission or authority to be in the store after hours. The circuit court found there was a factual basis for the plea.

¶ 8    Also on July 26, 2018, the circuit court, consistent with the plea agreement, sentenced Mason to six years' imprisonment and three years' MSR on the robbery count due to Mason's criminal background, which included a 2002 conviction for armed robbery, for which he was sentenced to 12 years in prison; a 2012 conviction for burglary, for which he was sentenced to 3 years in prison; and, a 2014 retail theft conviction, for which he received 13 days in county jail. Mason was advised of his appeal rights and the necessity for a motion to withdraw the plea.

¶ 9 Mason filed a *pro se* motion to reduce sentence. The motion, as it appears in the record on appeal, bears a file-stamp of August 31, 2018, but is not accompanied by any certificate of service; rather, the accompanying notice of filing simply states the motion was filed. The substance of Mason's motion argues that the State charged him with burglary even though nothing was taken from the store and there was "reasonable doubt my charges are excessive due too off [*sic*] my background and habitual 6-year class X felon including my mental illness bipolar [*sic*]." An accompanying form affidavit contains Mason's name but is not signed by him in any manner.

¶ 10 On September 20, 2018, the circuit court held a status hearing. Defense counsel was present in court, but Mason was not. The circuit court indicated it would continue the motion for Mason to be present, and made the following remarks on the record:

> "I really think he is asking to vacate his plea based upon everything that's in [the motion]."

> I think in terms of the 30 day time period he is—there is a couple days off [*sic*] so I am not going to—I don't think I am going to knock him out of the box for being two days late on a 30 day term based on the mail, so we will see what he wants to do when he is here.

> I think he needs to put on the record if it is something that he wants to proceed on or not."

¶ 11 On October 18, 2018, Mason told the circuit court that he wanted to withdraw his guilty plea. The circuit court indicated that it would recharacterize his motion to reduce sentence as a motion to withdraw his guilty plea and order the transcript for review.

¶ 12 After several continuances, the circuit court held a retroactive fitness hearing. Fidel Echevarria, M.D., a psychiatrist, testified that Mason was legally fit at the time of his plea.

¶ 13    Mason testified, in relevant part, that he did not recall pleading guilty and that he was on medication at the time of the plea. He was depressed and suicidal at the time of the plea, and just "wanted to get it all over with." He told his lawyer that he was on medication but she "walked away and *** said it didn't mean anything."

¶ 14    After being cross-examined, Mason attempted to present the circuit court with a "motion to dismiss the counts," and indicated that he "wanted to relieve [defense counsel] from her duties," declaring "ineffective assistance of counsel," and asserting that she showed prejudice and violated his fourteenth amendment rights. He elaborated that defense counsel had not investigated "to see if I was on medication and what type of medication I was on until after" he pleaded guilty. The circuit court explained that no investigation was done after the plea because the matter was settled, and an investigation was only done afterward because Mason filed a motion to reduce sentence, recharacterized as a motion withdraw the guilty plea. The circuit court then heard argument regarding the issue of Mason's fitness at the time of his plea.

¶ 15    On September 10, 2019, the circuit court denied Mason's motion to withdraw his guilty plea. The circuit court made the following findings. Mason pleaded guilty on July 26, 2018. Mason filed a motion to reduce sentence that was not file-stamped within 30 days of the plea, but the circuit court

> "erred on the side of giving defendant the benefit of the doubt and I found that since we were dealing with a few days passed [*sic*] 30 days from the time it hit the clerk's office that there was a chance the defendant had mailed it within 30 days. So it was not dismissed by this court on a technicality, which I believe that I could have done but I didn't do that."

Nothing in Mason's written motion asserted ineffective assistance of counsel. The allegation in Mason's motion that he was bipolar "jumped out" to the trial judge, as that could have implicated his fitness. The circuit court, however, never entertained a bona fide doubt about Mason's fitness. The fact that Mason was taking psychotropic medication did not, on its own, create a bona fide doubt regarding fitness. After hearing testimony and argument, and reviewing the transcripts and Mason's motion, the circuit court denied Mason's motion to withdraw his guilty plea.

¶ 16    The record reflects that Mason mailed a handwritten *pro se* notice of appeal to the clerk of the circuit court, which was file-stamped September 27, 2019.

¶ 17                                    II. JURISDICTION

¶ 18    Mason pleaded guilty on July 26, 2018. His *pro se* motion for a reduction of sentence, which was treated as a motion to withdraw his guilty plea, was filed-stamped by the clerk of the circuit court on August 31, 2018. The circuit court denied Mason's motion on September 10, 2019. Mason's notice of appeal identified the denial of his motion to withdraw his guilty plea, and purported to raise various claims, including ineffective assistance of counsel. For reasons unknown, the notice of appeal was not transmitted to this court. Mason filed a motion for leave to file a late notice of appeal from the circuit court's September 10, 2019, order, which this court granted on March 5, 2020.

¶ 19    That, however, does not end our jurisdictional inquiry. As an initial matter, we note that the Rule 341(h)(4)(ii) statement of jurisdiction in Mason's appellate brief is incomplete and contains an inaccurate factual assertion. First, it is incomplete because he does not identify "the date that the order being appealed was entered." His jurisdictional statement asserts:

> "Levell Mason appeals from a final judgment of conviction in a criminal
> case. Appellant pleaded guilty and was sentenced to 6 years on *January 31, 2020.*

Late notice of appeal was allowed on March 5, 2020. Jurisdiction therefore lies in this Court pursuant to Article VI, Section 6, of the Illinois Constitution, and Supreme Court Rule 604(d)." (Emphasis added and internal record citations omitted.)

¶ 20 Mason pleaded guilty and was sentenced on July 26, 2018, not on January 31, 2020. The record reflects that Mason filed two motions to withdraw his guilty plea. The first bears a file-stamp of August 31, 2018, which the circuit court denied on September 10, 2019, and which is the subject of this appeal. The second motion bears a file-stamp of December 18, 2019. On January 31, 2020, the circuit court observed in open court that the second motion was postmarked November 11, 2019, and denied the motion on the basis of the doctrine of *res judicata*, noting that "[t]he motion was already heard and ruled on on 9-10 of '19."

¶ 21 The inaccurate statement of fact in Mason's jurisdictional statement, while confusing, is ultimately immaterial. The statement of facts in Mason's appellate brief accurately sets forth the progression of events, and it is clear to us that Mason is appealing from the circuit court's September 10, 2019, order denying his first motion to withdraw his guilty plea. Indeed, Mason's September 27, 2019, notice of appeal, his subsequent motion for leave to file a late notice of appeal, and our March 5, 2020, order all identify the circuit court's September 10, 2019, order as the judgment from which he appeals.

¶ 22 In reviewing the record to ensure our jurisdiction, we observe that Mason's motion to withdraw his guilty plea bears a file-stamp of August 31, 2018, which was more than 30 days after July 26, 2018, when the circuit court accepted his guilty plea and sentenced him to six years' imprisonment. Furthermore, nothing in the record demonstrates that his motion was mailed, or— even assuming that it was mailed—when Mason placed his motion in the mail. Therefore, there is

nothing in the record to suggest that Mason's motion was timely filed for the purposes of Illinois Supreme Court Rule 604(d) (eff. July 1, 2017).

¶ 23    Rule 604(d), in relevant part, prohibits a criminal defendant from filing a notice of appeal following a guilty plea unless the defendant files a motion within 30 days of sentencing to either reconsider the sentence or withdraw the guilty plea. Ill. S. Ct. R. 604(d). A timely motion to withdraw a guilty plea "is a condition precedent to an appeal from a judgment on a plea of guilty." *People v. Flowers*, 208 Ill. 2d 291, 300-01 (2003). "The discovery that a defendant has failed to file a timely Rule 604(d) motion in the circuit court does not deprive the appellate court of jurisdiction over a subsequent appeal" (*id.* at 301), but "the failure to file a timely Rule 604(d) motion precludes the appellate court from considering the appeal on the merits" (*id.*).

¶ 24    Here, Mason pleaded guilty pursuant to a negotiated plea on July 26, 2018. Under Rule 604(d), because the 30th day following July 26th was Saturday, August 25, 2018, a motion to withdraw his guilty plea needed to be filed no later than August 27, 2018. 5 ILCS 70/1.11 (West 2020). Mason's motion bears a file-stamp of August 31, 2018, and therefore was not timely filed.

¶ 25    The circuit court observed that Mason's motion was not timely but stated on the record that it would not penalize Mason—who was incarcerated at the time he filed the motion—for being a few days late because "there was a chance the defendant had mailed it within 30 days." The record on appeal, however, does not contain any affidavits, certificates of mailing, or postmarked envelopes establishing that Mason mailed his motion or, assuming Mason mailed his motion, *when* he mailed his motion.

¶ 26    Supreme Court Rule 373 establishes a "mailbox rule" (*People v. Cooper*, 2021 IL App (1st) 190022, ¶ 12), and provides that the time of filing is the date a document is received by the clerk of the circuit court, but if documents are received after their due date, "the time of mailing

by an incarcerated, *pro se* litigant shall be deemed the time of filing. Proof of mailing shall be as provided in Rule 12" (Ill. S. Ct. R. 373 (eff. July 1, 2017)). Rule 12(b)(6) provides that service of a document is proved in situations involving incarcerated, self-represented litigants "by certification under section 1-109 of the Code of Civil Procedure [(Code)] of the person who deposited the document in the institutional mail, stating the time and place of deposit and the complete address to which the document was to be delivered." Ill. S. Ct. R. 12(b)(6) (eff. July 1, 2017). In other words, when the clerk of the circuit court file-stamps a document, we accept the file-stamped date as the date of filing unless the record demonstrates that an incarcerated, *pro se* litigant certified that they mailed the document from a correctional facility on a specific date at a specific time to a specific address. Here, the record is silent as to whether Mason mailed his motion. Further, assuming Mason did mail his motion, and further assuming he mailed his motion from a correctional facility, the record is silent as to when he placed his motion in the mail. Regardless of whether it is reasonable to assume that Mason mailed the motion from the correctional facility to the clerk of the circuit court, "Rule 12 simply does not allow courts to infer when a defendant placed a document in the mail system." *Cooper*, 2021 IL App (1st) 190022, ¶ 16 (citing *People v. Shines*, 2015 IL App (1st) 121070, ¶ 32). In the absence of any evidence of when Mason placed his motion in the mail system, we must rely on the clerk of the circuit court court's file-stamped date on the motion itself, which shows the motion was not filed within 30 days of the circuit court's sentencing order.

¶ 27 Ordinarily, we would dismiss an appeal where the record reflects an untimely motion to withdraw a guilty plea, or where the record does not establish that the motion was timely. *Flowers*, 208 Ill. 2d at 301. However, a different panel of this court recently addressed a similar situation and concluded that a different result was appropriate. In *Cooper*, the defendant pleaded guilty to

one count of murder in exchange for a 45-year prison sentence. 2021 IL App (1st) 190022, ¶ 4. He subsequently filed a *pro se* motion to withdraw his guilty plea, which was file-stamped "1 day after the 30-day filing deadline had passed." *Id.* ¶ 5. While the circuit court inquired as to when the defendant filed the motion, the circuit court never inquired as to when he placed his motion in the mail. *Id.* ¶¶ 2, 5. The defendant, who was "unrepresented by counsel and quite possibly unaware that, under the mailbox rule, the date of mailing can be deemed the date of filing," agreed that his motion was filed one day late. *Id.* ¶ 5. The circuit court denied the motion to withdraw the guilty plea as untimely and without merit, and the defendant appealed. *Id.* ¶¶ 5-6. On appeal, we determined that there was nothing in the record establishing that the motion was timely filed because there was no proof of service indicating when the defendant placed his motion in the mail. *Id.* ¶¶ 10-18. We found, however, that "there was ample opportunity in this case for the circuit court to allow [the defendant] to supplement the record with a Rule 12(b)(6) certification if, as the record suggests in this case, he could have truthfully done so." *Id.* ¶ 19. Further, once the circuit court "determined that the document had been file-stamped by the clerk's office just once day after it was due, the appropriate next step was to determine whether [the defendant] could supplement his motion with the certification required by Rule 12(b)(6) and section 1-109 of the Code." *Id.* ¶ 20. Nothing in Rule 12(b)(6) prohibited the defendant from supplementing his filing with an appropriate proof of service, and had he done so, the circuit court would have appointed counsel and then could have considered the merits of his motion. *Id.* ¶ 21. We remanded the matter to the circuit court "for the limited purpose of inquiring of [the defendant] when his motion was mailed," and explained that:

> "If [the motion] was timely mailed and [the defendant] is able to truthfully
>
> do so, he should be allowed to supply a certification complying with Rule 12(b)(6)

and section 1-109 of the Code that establishes the date and manner of mailing for his motion to withdraw his guilty plea. If the motion was timely and [the defendant] is indigent, he is entitled to the appointment of counsel under Rule 604(d). We retain jurisdiction over this appeal to consider the timeliness and the merits of [the defendant's], if necessary, on a more complete record." *Id.* ¶ 24.

¶ 28    Here, it appears that the circuit court suspected that Mason's motion was untimely and "erred on the side of giving defendant the benefit of the doubt," reasoning "that since we were dealing with a few days passed [*sic*] 30 days from the time it hit the clerk's office that there was a *chance* the defendant had mailed it within 30 days." (Emphasis added.) The circuit court, however, never determined when the motion was mailed or whether there was *proof* that Mason mailed his motion within 30 days. Furthermore, during the proceedings on Mason's motion in the circuit court, defense counsel never addressed the timeliness of the motion, and the circuit court never asked whether Mason had any information demonstrating that the motion was timely. Taking *Cooper*'s cue, rather than dismiss this appeal, we too believe the appropriate remedy is to retain jurisdiction and remand to the circuit court to afford Mason an opportunity to supplement his motion with a certification establishing the date and manner of the filing of his motion.

¶ 29    We acknowledge there are some differences between this case and *Cooper*, namely that here, Mason was represented by counsel in the proceedings on his motion, whereas the defendant in *Cooper* was *pro se*. Indeed, on appeal, Mason argues that we should find defense counsel was ineffective for not amending the *pro se* motion to avoid the "potential untimeliness" of the motion and argues that "[t]his omission could have had a devastating effect" had the circuit court not "accepted jurisdiction." Further, the circuit court in *Cooper* never reached the merits of the defendant's motion to withdraw his guilty plea, whereas here, the circuit court denied the motion

11

on the merits after a hearing. We also acknowledge that Mason's arguments on appeal are directed at his trial counsel's performance and the circuit court's alleged failure to conduct an adequate investigation into Mason's *pro se* claims of ineffective assistance of counsel, which were not present in *Cooper*. But these differences are immaterial because the record is silent as to whether Mason's original motion was timely filed for the purposes of Rule 604(d), which in turn affected the circuit court's ability to even hear the motion, including the ability to consider Mason's *pro se* allegations of ineffective assistance of counsel. See *Shines*, 2015 IL App (1st) 121070, ¶ 30 (finding the circuit court had no jurisdiction to consider *pro se* defendant's allegations of ineffective assistance of counsel contained in a letter filed more than 30 days after sentencing). A remand would afford Mason an opportunity to clarify this court's ability to review the underlying proceedings on the merits.

¶ 30                                    III. CONCLUSION

¶ 31    For the foregoing reasons, we remand this matter to the circuit court for the limited purpose of determining the timeliness of Mason's motion, including when Mason mailed his original motion, and, if appropriate, permitting Mason to supply a certification that complies with Rule 12(b)(6) and section 1-109 of the Code. We retain jurisdiction to consider the timeliness and— assuming the circuit court's jurisdiction is established—merits of his motion, as well as the propriety of the circuit court's *Krankel* inquiry.

¶ 32    Remanded with directions.