2022 IL App (4th) 220019

NO. 4-22-0019

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

Rule 23 filed October 13, 2022

Modified upon denial of
Rehearing December 7, 2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Knox County |
| CHAR M. SHUNICK, | ) | No. 16CF27 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Raymond A. Cavanaugh, |
| | ) | Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court, with opinion.
Justices Steigmann and Zenoff concurred in the judgment and opinion.

**OPINION**

¶ 1        Defendant, Char M. Shunick, is serving a sentence of imprisonment in Dixon

Correctional Center in Dixon, Illinois, for a drug offense. He petitioned for postconviction relief,

and the circuit court of Knox County summarily dismissed his petition. He moved for

reconsideration, and the court denied the motion. He appeals. We conclude that because the motion

for reconsideration was untimely, the notice of appeal likewise was untimely, and consequently,

we lack jurisdiction to address the merits of this appeal. Our authority is limited to vacating the

ruling on the motion for reconsideration and ordering the dismissal of the motion. We do so.

¶ 2                                I. BACKGROUND

¶ 3        On December 30, 2019, in a bench trial, the circuit court found defendant guilty of unlawfully possessing, with the intent to deliver, a controlled substance (720 ILCS 570/401(a)(2)(B) (West 2018)).

¶ 4        On August 26, 2020, the circuit court sentenced defendant to imprisonment for nine years.

¶ 5        On September 20, 2021, defendant filed a *pro se* petition for postconviction relief.

¶ 6        On September 30, 2021, the circuit court entered an order summarily dismissing the petition "in its entirety with prejudice." See 725 ILCS 5/122-2.1(a)(2) (West 2020). The docket entry for that date notes that a "C/C" (courtesy copy) of the summary dismissal order was sent to defendant.

¶ 7        Defendant afterward filed a document titled "Motion to Reconsider and Leave to Amend Petition for Post Conviction Relief Under 725 ILCS 5/122-1." In this motion, which the circuit clerk file-stamped on November 3, 2021, defendant "move[d] the Honorable court to reconsider its dismissal with prejudice, and allow him to leave to amend the petition."

¶ 8        The final page of the motion for reconsideration was a "Certificate of Service," which, above defendant's signature, read as follows:

> "This is to certify That I have on this date served true and correct copies of the foregoing to:
>
> Clerk of the Circuit Court of Knox County and;
>
> Knox County State's Attorney
>
> via U.S. Mail postage fully prepaid on this 26th day of Oct 2021 by depositing the same in the institutional mailbox at Dixon C.C."

¶ 9        On December 13, 2021, the circuit court signed an order denying the motion for reconsideration. The order is file-stamped December 14, 2021.

¶ 10        On January 5, 2022, defendant filed a notice of appeal.

¶ 11        On January 11, 2022, he filed an amended notice of appeal.

¶ 12                                II. ANALYSIS

¶ 13        Neither party questions our jurisdiction to decide the merits of this this appeal. Even so, we have an independent duty to make sure we have such jurisdiction. See *People v. Smith*, 228 Ill. 2d 95, 104 (2008); *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009).

¶ 14        For us to reach the merits, a party had to file in the circuit court a notice of appeal that was timely. See *id.* To assess the timeliness of a notice of appeal in a postconviction case, we turn to the rules applicable to criminal appeals. Illinois Supreme Court Rule 651(d) (eff. July 1, 2017) provides, "The procedure for an appeal in a post-conviction proceeding shall be in accordance with the rules governing criminal appeals." Under Illinois Supreme Court Rule 606(b) (eff. Mar. 12, 2021), which governs criminal appeals,

> "the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from or if a motion directed against the judgment is timely filed, within 30 days after the entry of the order disposing of the motion."

¶ 15        The next question, therefore, is what is the deadline for filing, in a postconviction proceeding, a motion directed against the judgment. We answer that question by analogizing to criminal cases. See Ill. S. Ct. R. 651(d) (eff. July 1, 2017). The final judgment in a criminal case is the sentence. *People v. Caballero*, 102 Ill. 2d 23, 51 (1984). The defendant in a criminal case

has 30 days after the final judgment (that is, after the sentence) to file any motion directed against that judgment. See 730 ILCS 5/5-4.5-50(d) (West 2020). Correspondingly, in a postconviction proceeding, if the defendant wishes to file a motion directed against a summary dismissal—which likewise is a final judgment—the defendant must file the motion within 30 days after the entry of the summary dismissal order. *People v. Dominguez*, 366 Ill. App. 3d 468, 472 (2006).

¶ 16        The circuit court in the present case entered the summary dismissal order on September 30, 2021. Assuming, for the sake of argument, that defendant's ensuing motion for reconsideration qualified as a motion directed against the judgment (but see *Fultz v. Haugan*, 49 Ill. 2d 131, 136 (1971) (holding that "[t]he motion for leave to amend is not a motion directed against the judgment")), the motion for reconsideration, judging by its file stamp, was untimely. We count 34 days from the date when the summary dismissal order was entered (September 30, 2021) to the date of the file stamp on the motion for reconsideration (November 3, 2021). See 5 ILCS 70/1.11 (West 2020) (explaining how to "compute[ ]" "[t]he time within which any act provided by law is to be done").

¶ 17        We are aware that the prison mailbox rule can overcome a file stamp. However, an incarcerated person who wants to rely on the prison mailbox rule must provide an adequate proof of service. Illinois Supreme Court Rule 12(b)(6) (July 1, 2017) lays down some specific requirements for the proof of service:

"(b) Manner of Proof. Service is proved:

* * *

(6) in case of service by mail by a self-represented litigant residing in a correctional facility, by certification under section 1-109 of the Code of Civil Procedure [(735 ILCS 5/1-109 (West 2020))] of the person who deposited the

document in the institutional mail, stating the time and place of deposit and the complete address to which the document was to be delivered."

"To rely on the date of mailing as the filing date," the incarcerated defendant must "provide proof of mailing by filing a proof of service that complies with" the rule quoted above. *People v. Shines*, 2015 IL App (1st) 121070, ¶ 33. Otherwise, "the date the circuit clerk's office file-stamped the motion controls." *People v. Blalock*, 2012 IL App (4th) 110041, ¶ 7.

¶ 18    The proof of service at the end of defendant's motion for reconsideration suffers from two deficiencies. First, it lacks a "certification under section 1-109 of the Code of Civil Procedure [(735 ILCS 5/1-109 (West 2020))]." Ill. S. Ct. R. 12(b)(6) (eff. July 1, 2017). A certification under section 1-109 must be

> "in substantially the following form: Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true." 735 ILCS 5/1-109 (West 2020).

The proof of service in defendant's motion for reconsideration contains no language resembling that prescribed by section 1-109.

¶ 19    In his petition for rehearing, defendant points out that a certification under section 1-109 need be only "substantially" in the form that section 1-109 prescribes. See *id.* He maintains that by "certify[ing] that the statements in the certificate of service [were] true," he satisfied this substantiality requirement. We are unconvinced. In his certificate of service, defendant used only one word from section 1-109: "certif[y]." See *id.* To be "substantially in the *** form" of the

- 5 -

certification language in section 1-109, a certificate of service must "contain[ ] the substance or main features" of that language. (Internal quotation marks omitted.) *People ex rel. Davis v. Chicago, Burlington & Quincy R.R. Co.*, 48 Ill. 2d 176, 183 (1971) (so construing a "Highway Code provision" requiring that a "ballot 'be substantially in the following form' "). A main feature of section 1-109 is the enforcement of truthfulness in the making of a statement. To that end, section 1-109 calls for the express self-subjection of the certifier to criminal liability should the statement contain a deliberate falsehood. Therefore, if a certificate of service—like the certificate of service in defendant's motion for reconsideration—lacks language making the certification subject to the penalties in section 1-109, the certificate lacks a main feature of that section and, thus, is not substantially in the form that section requires.

¶ 20        Second, the certificate of service in defendant's motion for reconsideration fails to "stat[e] *** the complete address to which the document was to be delivered." Ill. S. Ct. R. 12(b)(6) (eff. July 1, 2017). This omission, defendant argues, was a minor defect. He quotes a passing remark in *Ingrassia v. Ingrassia*, 156 Ill. App. 3d 483, 502 (1987), that "minor defects will be excused." The appellate court, however, has rejected the suggestion that a "defendant's failure to include *any* address to which his motion was sent is *** merely a 'minor defect.' " (Emphasis in original.) *People v. Liner*, 2015 IL App (3d) 140167, ¶ 17.

¶ 21        In sum, for the two reasons we have explained, we conclude that the certificate of service in defendant's motion for reconsideration fails to comply with Rule 12(b)(6). Consequently, "the date the circuit clerk's office file-stamped the motion controls," and the motion is untimely. *Blalock*, 2012 IL App (4th) 110041, ¶ 7. Because an untimely postjudgment motion fails to toll the 30-day period for filing a notice of appeal, the notice of appeal is untimely as well, and we lack jurisdiction to address the substantive merits of this appeal. See Ill. S. Ct. R. 606(b)

(eff. Mar. 12, 2021); Ill. S. Ct. R. 651(d) (eff. July 1, 2017); *Secura*, 232 Ill. 2d at 213; *People v. Orahim*, 2019 IL App (2d) 170257, ¶ 12.

¶ 22 Even if that were the case, defendant argues in his petition for reconsideration, dismissal of the appeal need not be the outcome. He urges us, instead, to provide the remand remedy in *People v. Cooper*, 2021 IL App (1st) 190022 (subject to revision or withdrawal). In *Cooper*, the defendant was in prison, and his *pro se* motion to withdraw his guilty plea, which lacked a certificate of service, was file-stamped one day after the expiration of the 30-day deadline for filing a postplea motion. *Id.* ¶ 5. The circuit court denied the motion both because the motion was untimely and also because the motion lacked substantive merit. *Id.* The defendant appealed, and the appellate court held that because the defendant filed his notice of appeal within 30 days after the circuit court's denial of his postplea motion, the appellate court had jurisdiction over the appeal. *Id.* ¶ 8. "[W]hile retaining jurisdiction" (internal quotation marks omitted) (*id.* ¶ 22), the appellate court remanded the case with directions to (1) allow the defendant an opportunity to demonstrate compliance with the prison mailbox rule by supplying a certificate of service that satisfied Rule 12(b)(6) and section 1-109, if he was "able to truthfully do so," and (2) appoint postplea counsel if the defendant was able to supply such a certificate of service. *Id.* ¶ 24.

¶ 23 For three reasons, we have difficulty squaring *Cooper* with precedent. First, *Blalock* held that because the postjudgment motion in that case lacked a sufficient certificate of service at the time the motion was filed, the date of the circuit clerk's file stamp was to be treated as the date of filing and, "[a]s a result, [the] defendant's motion was untimely." *Blalock*, 2012 IL App (4th) 110041, ¶ 11. In other words, the file stamp was deemed, on appeal, to be definitive. Second, a circuit court lacks jurisdiction to rule upon an untimely postjudgment motion. See *People v. Flowers*, 208 Ill. 2d 291, 303 (2003); see also *People v. Haldorson*, 395 Ill. App. 3d 980, 983

(2009). Third, in any case in which the circuit court ruled upon an untimely postjudgment motion, the appellate court's jurisdiction is " 'limited' " to "vacat[ing] the trial court's ruling on the motion and to dismiss[ing] the motion." *Orahim*, 2019 IL App (2d) 170257, ¶ 12 (quoting *People v. Bailey*, 2014 IL 115459, ¶ 29).

¶ 24 The supreme court's guidance used to be that if the postjudgment motion and, consequently, the notice of appeal were untimely, the appellate court should vacate the circuit court's judgment and dismiss the appeal. See *Flowers*, 208 Ill. 2d at 307. More recently, though, the supreme court has held that dismissing the appeal would not be the right course of action, because such a dismissal would "effectively leave[ ] the lower court's ruling on the merits undisturbed and intact"—an inappropriate outcome, considering that the trial court lacked jurisdiction to rule on the merits of the untimely postjudgment motion and, thus, its ruling was void. *Bailey*, 2014 IL 115459, ¶ 28; see also *In re N.G.*, 2018 IL 121939, ¶ 18 (holding that "courts have an independent duty to vacate void orders and may *sua sponte* declare an order void" (internal quotation marks omitted)). In such a case, the supreme court explained in *Bailey*, the appellate court has jurisdiction, but the appellate court was limited to vacating the trial court's ruling on the untimely motion and dismissing the motion. *Bailey*, 2014 IL 115459, ¶ 29. Therefore, instead of following *Cooper*, as defendant invites us to do, we follow *Bailey* by denying his petition for rehearing, vacating the circuit court's ruling on the untimely motion for reconsideration, and ordering the dismissal of the motion. See *Orahim*, 2019 IL App (2d) 170257, ¶ 12.

¶ 25                                                          III. CONCLUSION

¶ 26 For the foregoing reasons, we vacate the circuit court's ruling on the motion for reconsideration, and we order the dismissal of the motion.

¶ 27 Order vacated; motion dismissed.

- 8 -

*People v. Shunick*, **2022 IL App (4th) 220019**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Knox County, No. 16-CF-27; the Hon. Raymond A. Cavanaugh, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Catherine K. Hart, Salome Kiwara-Wilson, and Roxanna A. Mason, of State Appellate Defender's Office, of Springfield, for appellant. |
| **Attorneys for Appellee:** | Jeremy S. Karlin, State's Attorney, of Galesburg (Patrick Delfino, David J. Robinson, and Brittany J. Whitfield, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |