NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 230060-U

NOS. 4-23-0060, 4-23-0061, 4-23-0062

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
August 18, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Adams County |
| CASEY WAINWRIGHT, | ) | Nos. 21CF162 |
| Defendant-Appellant. | ) | 22CF224 |
| | ) | 22CF228 |
| | ) | |
| | ) | Honorable |
| | ) | Amy C. Lannerd, |
| | ) | Judge Presiding. |

JUSTICE ZENOFF delivered the judgment of the court.
Justices Turner and Steigmann concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court vacated the trial court's ruling on defendant's motion to withdraw his guilty plea or, alternatively, to reconsider his sentence and dismissed said motion after concluding that defendant failed to timely file it.

¶ 2    Defendant, Casey Wainwright, appeals from the trial court's denial of his *pro se* motion to withdraw his guilty plea or, alternatively, to reconsider his sentence after he was sentenced to nine years' imprisonment for aggravated domestic battery following the revocation of his probation in case No. 21-CF-162. We conclude that, because defendant's motion was untimely, the notice of appeal was also untimely, such that we lack jurisdiction over this appeal. Accordingly, we exercise our limited authority to vacate the court's ruling on defendant's motion to withdraw his guilty plea or reconsider his sentence and dismiss the motion.

¶ 3                                I. BACKGROUND

¶ 4       In February 2021, defendant was charged in case No. 21-CF-162 with aggravated domestic battery (720 ILCS 5/12-3.3(a-5) (West 2020)) and domestic battery (720 ILCS 5/12-3.2(a)(1) (West 2020)). Pursuant to a plea agreement, defendant pleaded guilty to aggravated domestic battery and was sentenced to 24 months of probation.

¶ 5       In May 2022, the State filed a petition to revoke probation, alleging that defendant violated the terms of his probation by committing additional offenses for which he was charged in different cases in April 2022. Specifically, in case No. 22-CF-224, defendant was charged with aggravated discharge of a firearm (720 ILCS 5/24-1.2(a)(2) (West 2022)) and unlawful possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2022)). In case No. 22-CF-228, defendant was charged with domestic battery (720 ILCS 5/12-3.2(a)(2) (West 2022)). Defendant pleaded guilty to domestic battery in case No. 22-CF-228 and unlawful possession of a weapon by a felon in case No. 22-CF-224. Defendant also admitted that he violated the terms of his probation in case No. 21-CF-162. In exchange for defendant's pleas, the State agreed to cap its recommended sentence to 10 years in prison.

¶ 6       On November 21, 2022, the trial court held a hearing and sentenced defendant to an aggregate of nine years in prison. The court admonished defendant that, prior to any appeal, he was required to file a motion to vacate the judgment and for leave to withdraw his guilty plea. The court informed defendant that, if such a motion were allowed, the judgment and sentence would be vacated, and a trial date would be set on the charges. The court also explained that a copy of defendant's plea and sentencing transcripts would be provided to defendant, and an attorney would be appointed if he was indigent. Finally, the court admonished defendant that if any such motion were denied, a notice of appeal needed to be filed within 30 days of that denial. Defendant acknowledged that he understood these admonishments.

¶ 7        Defendant's *pro se* "Motion to Vacate and Lift Guilty Plea/and or [*sic*] Reconsider Sentence" was file-stamped on December 27, 2022. Therein, defendant asserted, *inter alia*, that his counsel was ineffective for (1) failing to explain the negotiated plea as to concurrent and consecutive sentencing and (2) failing to inform him "how the Illinois Department of Corrections tolls the time periods of incarceration." In the body of the motion, defendant also alleged that his motion was "timely filed and has been sent via the United States Postal Service by and *** through Graham Correctional Center. December 20, 2022." The motion included no proof of service or attestation.

¶ 8        On December 28, 2022, the trial court denied defendant's motion, explaining that (1) the motion "was not filed within 30 days of either plea or sentence," (2) the sentence was within the statutory range for sentences in each case, (3) defendant was admonished of both the mandatory and discretionary consecutive sentencing applicable to each of his cases, (4) defendant was "admonished of 85% sentencing" in case No. 21-CF-162, and (5) defendant's remaining allegations were without merit.

¶ 9        This appeal followed.

¶ 10                          II. ANALYSIS

¶ 11        Defendant argues that the trial court "erred when it denied" defendant's motion because there is a "substantial likelihood" that he mailed his motion within 30 days of his sentencing hearing, such that the motion would be deemed timely pursuant to the "mailbox rule." Defendant asserts that, although his motion was stamped as being filed on December 27, 2022, he explained in the body of the motion that he mailed it on December 20, 2022. Defendant contends that, given the "substantial probability" that defendant "mailed his [motion] in a timely fashion," the case should be remanded and a hearing should be held to determine whether the motion was

timely filed. The State responds that we should dismiss the appeal for lack of jurisdiction because defendant failed to timely file his motion.

¶ 12 Whether we have jurisdiction to consider an appeal is a question of law, which we review *de novo*. *People v. English*, 2023 IL 128077, ¶ 13. The interpretation of statutes and supreme court rules also presents a question of law, which we review *de novo*. *People v. Gorss*, 2022 IL 126464, ¶ 10. When interpreting statutes and supreme court rules, we must ascertain and give effect to the drafters' intent. *Gorss*, 2022 IL 126464, ¶ 10. The most reliable indicator of intent is the language of the statute or rule, which must be given its plain and ordinary meaning. *Gorss*, 2022 IL 126464, ¶ 10. When the language is clear and unambiguous, we apply it as written without resort to aids of construction. *Gorss*, 2022 IL 126464, ¶ 10.

¶ 13 Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) provides:

"No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment.

\*\*\*

When the motion is based on facts that do not appear of record it shall be supported by affidavit unless the defendant is filing the motion *pro se* from a correctional institution, in which case the defendant may submit, in lieu of an affidavit, a certification as provided in section 1-109 of the Code of Civil Procedure (735 ILCS 5/1-109)."

- 4 -

¶ 14        Defendant acknowledges that the file stamp on his motion bears a date of December 27, 2022, which is beyond the 30-day deadline set forth in Rule 604(d). However, defendant relies on the "mailbox rule" exception to the 30-day period. Under Illinois Supreme Court Rule 373 (eff. July 1, 2017), if documents required to be filed within a specified time are "received after the due date, the time of mailing by an incarcerated, self-represented litigant shall be deemed the time of filing." Rule 373 provides that "[p]roof of mailing shall be as provided in Rule 12." Ill. S. Ct. R. 373 (eff. July 1, 2017).

¶ 15        Illinois Supreme Court Rule 12(b)(6) (eff. July 1, 2017) provides that, for "service by mail by a self-represented litigant residing in a correctional facility," service is proved "by certification under section 1-109 of the Code of Civil Procedure of the person who deposited the document in the institutional mail, stating the time and place of deposit and the complete address to which the document was to be delivered." Section 1-109, in turn, requires a person "having knowledge of the matters stated in a pleading, affidavit or other document" to

> "subscribe to a certification in substantially the following form: Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true." 735 ILCS 5/1-109 (West 2022).

¶ 16        Defendant admits that he "did not include a notice and proof of service" with his motion. However, defendant asserts that he noted in the body of his motion that he placed the motion in the United States Postal Service at Graham Correctional Center on December 20, 2022. While defendant states that he "arguably did not comply with the requirements of Rule 12," he

contends that he "may have" timely mailed his motion. Defendant, relying on *People v. Cooper*, 2021 IL App (1st) 190022, thus argues that this case should be remanded so the trial court can conduct a hearing to determine when his motion was mailed.

¶ 17    In *Cooper*, the defendant pleaded guilty to one count of first degree murder. *Cooper*, 2021 IL App (1st) 190022, ¶ 4. The defendant was admonished that if he wished to appeal, he had 30 days to file a motion to withdraw his guilty plea. *Cooper*, 2021 IL App (1st) 190022, ¶ 4. The defendant filed a *pro se* motion to withdraw his guilty plea that was file-stamped one day after the deadline, and during a hearing on the motion, the trial court asked about the date the motion was filed but not when it was mailed. *Cooper*, 2021 IL App (1st) 190022, ¶ 5. The court denied the defendant's motion, in part, because it was untimely. *Cooper*, 2021 IL App (1st) 190022, ¶ 5. The appellate court determined that, while the defendant provided no proof of the time he mailed his motion, "there was ample opportunity *** for the circuit court to allow [defendant] to supplement the record with a Rule 12(b)(6) certification." *Cooper*, 2021 IL App (1st) 190022, ¶¶ 18-19. The appellate court concluded that, as it saw "nothing in Rule 12(b)(6) that prohibits a litigant from supplementing his filing with a certification proving the date and manner of mailing," the defendant should be permitted to do so, and the court remanded the case. *Cooper*, 2021 IL App (1st) 190022, ¶¶ 21, 24.

¶ 18    Defendant's reliance on *Cooper* is unpersuasive. We declined to follow *Cooper* in *People v. Shunick*, 2022 IL App (4th) 220019, ¶ 24, which we find instructive. In *Shunick*, the defendant was found guilty of unlawfully possessing a controlled substance with intent to deliver. *Shunick*, 2022 IL App (4th) 220019, ¶ 3. After the defendant was sentenced, he filed a *pro se* petition for postconviction relief. *Shunick*, 2022 IL App (4th) 220019, ¶ 5. The trial court summarily dismissed the petition on September 30, 2021. *Shunick*, 2022 IL App (4th) 220019, ¶ 6.

Thereafter, the defendant filed a motion asking the court to reconsider the dismissal of his postconviction petition and for leave to amend the petition. *Shunick*, 2022 IL App (4th) 220019, ¶ 7. The circuit clerk file-stamped the motion to reconsider on November 3, 2021. *Shunick*, 2022 IL App (4th) 220019, ¶ 7. The last page of the motion was a "Certificate of Service," which provided:

"This is to certify That I have on this date served true and correct copies of the foregoing to:

Clerk of the Circuit Court of Knox County and;

Knox County State's Attorney

via U.S. Mail postage fully prepaid on this 26th day of Oct 2021 by depositing the same in the institutional mailbox at Dixon [Correctional Center]." (Internal quotation marks omitted.) *Shunick*, 2022 IL App (4th) 220019, ¶ 8.

The court denied the motion in December 2021, and the defendant appealed. *Shunick*, 2022 IL App (4th) 220019, ¶¶ 9-11. This court concluded that we lacked jurisdiction to address the substantive merits of the appeal. *Shunick*, 2022 IL App (4th) 220019, ¶ 21. We reasoned that the motion for reconsideration, judging by its November 3, 2021, file stamp, was untimely, as it was not filed within 30 days of the date the summary dismissal order was entered: September 30, 2021. *Shunick*, 2022 IL App (4th) 220019, ¶ 16. While we acknowledged that "the prison mailbox rule can overcome a file stamp," we explained that an incarcerated person, to rely on the rule, must provide an adequate proof of service under Rule 12(b)(6). *Shunick*, 2022 IL App (4th) 220019, ¶ 17. We determined that the proof of service at the end of the defendant's motion failed to comply with Rule 12(b)(6)'s requirements that it (1) include a certification containing language resembling that prescribed by section 1-109 and (2) state the complete address to which the document was to

be delivered. *Shunick*, 2022 IL App (4th) 220019, ¶¶ 18-20. Thus, we concluded that the date on the motion's file stamp controlled, such that the motion was untimely. *Shunick*, 2022 IL App (4th) 220019, ¶ 21. Thereafter, we rejected the defendant's invitation to apply *Cooper* and remand the case for an opportunity to supply a compliant certificate of service. *Shunick*, 2022 IL App (4th) 220019, ¶ 24. We explained that *Cooper* did not square with the principles that (1) a file stamp is deemed definitive when a postjudgment motion lacks sufficient service at the time of filing; (2) a trial court lacks jurisdiction to rule upon an untimely postjudgment motion; and (3) when a trial court rules on an untimely postjudgment motion, the appellate court's jurisdiction is limited to vacating the trial court's ruling and dismissing the motion. *Shunick*, 2022 IL App (4th) 220019, ¶ 23. Thus, we vacated the trial court's ruling on the motion for reconsideration and ordered the dismissal of the motion. *Shunick*, 2022 IL App (4th) 220019, ¶ 26.

¶ 19 We further note *English*, 2023 IL 128077, supports the conclusion that remand under circumstances like those here is unwarranted. In *English*, the trial court denied the defendant's motion for leave to file a successive postconviction petition on August 3, 2020. *English*, 2023 IL 128077, ¶ 6. The defendant filed a notice of appeal that was file-stamped by the clerk on September 10, 2020. *English*, 2023 IL 128077, ¶ 7. The envelope containing the notice of appeal bore a postage meter stamp with the date September 1, 2020. *English*, 2023 IL 128077, ¶ 7. The defendant conceded that he did not file a certification pursuant to section 1-109 stating the time and place of deposit and the complete address to which the document was to be delivered. *English*, 2023 IL 128077, ¶ 29. After the appellate court dismissed the defendant's appeal for lack of jurisdiction, the defendant appealed to the supreme court. *English*, 2023 IL 128077, ¶ 9. The supreme court agreed that the appellate court lacked jurisdiction. *English*, 2023 IL 128077, ¶ 36. The court determined that the notice of appeal was untimely because the postage meter stamp was

not the proper method of establishing timeliness under Rule 12, *i.e.*, certification pursuant to section 1-109. *English*, 2023 IL 128077, ¶ 29. The court confirmed that certification was the "sole means" of establishing the time of mailing under Rule 373 for *pro se* incarcerated litigants. *English*, 2023 IL 128077, ¶ 2. Accordingly, the court determined that the notice of appeal was filed when it was received by the trial court on September 10, 2020—eight days after the due date. *English*, 2023 IL 128077, ¶ 36. The court stated that straightforward application of Rule 12 did not lead to harsh or absurd results, explaining that the rules promote a definitive form of proof "reliant only on the litigant," instead of uncertain forms reliant on third parties that may lead to problems with postmark legibility or delays in affixing postmarks. *English*, 2023 IL 128077, ¶ 32. Thus, because the notice of appeal was untimely and the appellate court lacked jurisdiction, the court dismissed the appeal. *English*, 2023 IL 128077, ¶ 38.

¶ 20        Here, defendant was sentenced on November 21, 2022. Therefore, defendant had until December 21, 2022, to file his motion. See Ill. S. Ct. R. 604(d) (eff. July 1, 2017). However, the file stamp on defendant's motion bears a date of December 27, 2022. Although defendant claims he mailed his motion on an earlier date, defendant included no certification as described in Rule 12(b)(6), which was the "sole means" of establishing the time of mailing of his motion. *English*, 2023 IL 128077, ¶ 2. Accordingly, defendant's motion was untimely, and as a result, defendant's notice of appeal was also untimely, such that we lack jurisdiction over this appeal. *Shunick*, 2022 IL App (4th) 220019, ¶ 21. Where the trial court ruled upon an untimely postjudgment motion, our jurisdiction is limited to vacating the trial court's ruling on the motion and dismissing the motion. *Shunick*, 2022 IL App (4th) 220019, ¶ 23. Accordingly, we vacate the trial court's ruling on defendant's motion and dismiss the motion.

¶ 21                              III. CONCLUSION

¶ 22　　　　For the reasons stated, we vacate the trial court's ruling on the motion and dismiss the motion.

¶ 23　　　　Order vacated; motion dismissed.